UNITED STATES of America,
Plaintiff—Appellee,

v.

James Raymond JOHNSON,
Defendant—Appellant.

No. 01–30390.

D.C. No. CR–01–05296–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

James Raymond Johnson appeals the 60–month sentence imposed following his guilty plea conviction for conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate in part, reverse in part, and remand for resentencing.

Johnson contends that the district court erred by failing to make factual findings concerning whether firearms found at the marijuana grow residence were used in connection with the offense, and by concluding that he was ineligible for the safety valve solely because he received an enhancement for possession of a firearm.

We review de novo the district court's compliance with Fed.R.Civ.P. 32, *United States v. Standard,* 207 F.3d 1136, 1140 (9th Cir.2000), and for clear error the district court's factual determination that a defendant is ineligible for the safety valve, *United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996). We review de novo the district court's interpretation of the sentencing guidelines. *United States v. Nelson,* 222 F.3d 545, 549 (9th Cir.2000).

The district court's statements at sentencing indicate that it erroneously believed that application of the firearm enhancement necessarily precluded eligibility for the safety valve. We therefore vacate Johnson's sentence and remand for the district court to determine whether Johnson qualifies for the safety valve, applying the preponderance of the evidence standard to its factual findings concerning whether Johnson used a firearm in connection with the offense. *See id.* at 549–51.

Johnson also contends that the district court erred by ordering him to pay restitution for attorney's fees incurred by the victim in seeking a civil judgment against a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

putative co-conspirator. We review de novo the legality of an order of restitution, *United States v. Rodrigues*, 229 F.3d 842, 844 (9th Cir.2000), and conclude that the victim's attorney's fees were too remote from Johnson's criminal conduct to serve as a basis for restitution, *see United States v. Barany*, 884 F.2d 1255, 1261 (9th Cir. 1989). We therefore reverse the order of restitution to the extent that it includes the victim's attorney's fees.

**VACATED in part, REVERSED in part, and REMANDED for resentencing.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.