UNITED STATES of America, Plaintiff–Appellee,

v.

Gerardo Alfonso REYES & Raul Reyes, Defendants–Appellants.

Nos. 00–10128, 00–10275.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Filed Dec. 19, 2002.

Kenneth D. Noel, CJA, Noel & Associates, San Francisco, CA, for defendant-appellant Gerardo Reyes; Mark R. Vermeulen, CJA, San Francisco, CA, for defendant-appellant Raul Reyes.

Laurie K. Gray, Assistant United States Attorney, San Francisco, CA, for the plaintiff-appellee.

Before REINHARDT, FISHER, Circuit Judges, and MOLLOY,* District Judge.

## OPINION

MOLLOY, District Judge:

These appeals present the issue of the scope of a district court's discretion when presented with a plea agreement under Rule 11(e)(1)(C). We hold that a district court's only option when entertaining a Rule 11(e)(1)(C) plea is to either accept or reject the agreement; the court cannot

---

* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

modify it. Accordingly, we REVERSE the decision of the district court.

## I. Factual and Procedural Background

On December 7, 1995 the government filed a fourteen-count Indictment charging Defendants Raul Reyes and his brother Gerardo Reyes and several co-defendants with Conspiracy to Distribute Cocaine and Methamphetamine in violation of 21 U.S.C. § 846. Raul was also charged with one count and Gerardo with four counts of Unlawful Use of a Communications Facility under 21 U.S.C. § 843(b). Raul appeared before a magistrate judge on January 8, 1996 and Gerardo appeared on January 12, 1996. Both made their initial appearance in district court on January 22, 1996.

The United States filed a Superseding Indictment on June 25, 1998, charging Raul with the same counts as the initial Indictment and adding one more charge against Gerardo of Distribution of Methamphetamine and Aiding & Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Pursuant to separate plea agreements entered under Fed.R.Crim.P. 11(e)(1)(C), Gerardo and Raul each pleaded guilty to Count One of the Superseding Indictment on July 22, 1998. Paragraph 7(a) of Gerardo's plea agreement requires Gerardo to "completely and truthfully disclose all information he has" pertaining to his and other people's criminal activities. Paragraph 7(d) provides that the plea agreement will be "voidable at the option of the United States" if Gerardo breaches any provision of the agreement. Paragraph 10 provides that the government would move under § 5K1.1 to reduce Gerardo's incarceration term to 120 months in exchange for Gerardo's substantial assistance if he cooperated and provided truthful information. Paragraph 11 of Gerardo's plea

agreement provides "[w]hile the actual sentence to be imposed is within the sole discretion of the Court, the parties agree that if the Court does not impose a sentence of 120 months, then this Plea Agreement and the defendant's plea of guilty will be vacated if either party requests." Paragraph 18 of Gerardo's plea agreement provides, in its entirety, that

> If the defendant commits any crime, violates any term of this agreement between signing this agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the United States Attorney's Office concerning his assets or any information to the Probation Office or to the Court that is intentionally misleading, incomplete or untruthful, the United States will be free to prosecute him for perjury, false statement, and/or obstruction of justice as the United States deems appropriate, but the defendant will not be free to withdraw his guilty plea entered pursuant to this plea agreement.

Raul's plea agreement, though similar to Gerardo's plea agreement, is different in several significant respects. Paragraph 7 is identical in both agreements. However, Paragraph 10 of Gerardo's plea agreement provides that the government would move under § 5K1.1 to reduce Raul's incarceration term to *150 months* in exchange for Raul's substantial assistance if he cooperated and provided truthful information. Paragraph 11 provides that even though the government would recommend 150 months, Raul would be free to argue for 120 months, and that the government might request a departure below the mandatory minimum if it thought Raul provided "truthful information and assistance substantially beyond the information contained in [his] proffer." Paragraph 12 states "[w]hile the actual sentence to be

imposed is within the sole discretion of the Court, the parties agree that if the Court imposes a sentence of more than 150 or less than 120 months, then this Plea Agreement and the defendant's plea of guilty will be vacated if either party requests." Paragraph 19 of Raul's plea agreement provides, in its entirety, that

> If the defendant commits any crime, violates any term of this agreement between signing this agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the United States Attorney's Office concerning his assets or any information to the Probation Office or to the Court that is intentionally misleading, incomplete or untruthful, the United States will be free to prosecute him for perjury, false statement, and/or obstruction of justice as the United States deems appropriate, *and/or to withdraw making any recommendation that a sentence less than 150 months be imposed*, but the defendant will not be free to withdraw his guilty plea entered pursuant to this plea agreement.

(emphasis added to indicate differing terms).

During the change of plea colloquy, Assistant United States Attorney Davis stated, "If I may, just to perfect the record. In the event the court were to decide not to accept the 11(e)(1)(C) pleas—and by that, indicating that it would give a sentence either above the amount to which defendants had agreed or below the amount to which the United States had agreed—the agreements would be voidable by the option of either party." The court responded, "Right. They can withdraw their pleas and say, 'I'll live with it, but it's better than what might happen if I go to trial.' If I sentence you within the range, then it's too late, then you've agreed to it and that's what you're stuck with."

After they entered their changes of plea, neither Raul nor Gerardo ever consented to an interview with the government and thus never provided the government with the information contemplated by the plea agreements. On April 13, 1999, Raul moved to withdraw his guilty plea. The district court denied Raul's motion on May 3, 1999, finding that the plea had been knowing and voluntary. On July 9, 1999, both Gerardo and Raul moved to withdraw their pleas, but the district court denied their motions on September 27, 1999. Then on November 22, 1999 the government, joined by Raul and Gerardo, moved to void the plea agreements and set aside the guilty pleas, arguing that because the pleas were made under Rule 11(e)(1)(C), Raul and Gerardo should be allowed to withdraw their guilty pleas and the government should be allowed to void the plea agreement if the court sought to sentence beyond the terms contemplated in the plea agreements. The district court denied this motion to set aside the pleas and void the plea agreements on February 7, 2000. Rather, the district court accepted the plea agreements.

> as in every detail and part, and that includes that if the defendants cooperate that the government will make a § 5K1.1 motion and the court will sentence them within the sentence range provided in the plea agreement for that anticipates cooperation. They have not cooperated. They're not entitled to the benefit of that portion of the agreement, *nor are they entitled to get out of the agreement just by reason of failing to cooperate.*

(emphasis added).

At sentencing, the district court found that the plea agreements were premised upon the anticipated cooperation of Raul and Gerardo, and that "that portion of the plea that related to cooperation and down-

ward departure was severable because it did not render the rest of the plea agreement void."[1] Based on relevant guideline calculations for guilty pleas to Count One of each Superseding Indictment, the district court then sentenced Gerardo to a term of 188 months with 5 years of supervised release on March 6, 2000 and sentenced Raul to a term of 288 months with 5 years of supervised release and a fine of $25,000 on June 12, 2000. Their timely appeals follow and have been consolidated by order of this Court on November 7, 2001.

## II. Discussion

### A. Rule 11(e)(1)(C) pleas

 A district court's interpretations of law are reviewed *de novo* and a district court's construction of a plea agreement is reviewed for clear error. *United States v. Fernandez*, 960 F.2d 771, 772 (9th Cir. 1992) (per curiam). To determine if a sentence complies with a plea agreement, the reviewing panel looks "to what was reasonably understood by the defendant when he entered his plea." *Id.*

 Because each of the plea agreements here was entered under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the trial court could "accept or reject the agreement, but, absent exceptional circumstances, it [could] not accept the defendant's guilty plea and impose a sentence greater or less severe than that agreed upon." *Id.* at 773 (internal citations omitted). Exceptional circumstances did not apply as a basis for departing from the sentences designated in the defendants' Rule 11(e)(1)(C) plea agreements because no Rule 35(b) motion was before

the court. *See United States v. Mukai*, 26 F.3d 953, 955 (9th Cir.1994). Thus, the options for the district court were either to accept the plea agreements and sentence the defendants accordingly or to reject the agreements and allow the defendants to withdraw their pleas. *See*

*Fernandez*, 960 F.2d at 773. *Fernandez* involved a Rule 11(e)(1)(C) plea agreement that required the defendant to cooperate with the government in uncovering further criminal activity by himself and others. *Id.* at 772. The district court accepted the plea agreement but voided the portion dealing with sentencing because the defendant had failed to cooperate. *Id.* The defendant then attempted to withdraw his plea. *Id.* The district court denied the motion and sentenced the defendant to a term above the maximum contemplated in the plea agreement. *Id.* at 772–73. We reversed, holding that the district court "could not both accept the plea agreement made pursuant to Rule 11(e)(1)(C), which calls for a specific sentence, and reject the sentencing provision of that agreement." *Id.* at 773. We found that the defendant "could only have reasonably understood ... the plea agreement to mean that if he failed to live up to his end of the bargain, the entire plea agreement would be null and void." *Id.*

Here Raul and Gerardo both entered into plea agreements that contemplated a § 5K1.1 motion by the government in return for their cooperation in providing information. The government agreed to recommend a given sentence for Raul and for Gerardo if each cooperated. As in *Fernandez*, Raul and Gerardo chose not to cooperate to the government's satisfaction. The district court here attempted to sever

---

1. At Raul's sentencing, after Raul attempted again to withdraw his plea after his sentence had been declared, the district court stated, "And for the reasons previously stated the

court will not permit that finding that it is a severable agreement and the reasons have been articulated already."

or disregard the portions of the plea agreements concerning cooperation and refused to allow Raul and Gerardo to withdraw their guilty pleas.

The district court found a distinction between the language of the plea agreement in *Fernandez,* where the plea agreement became "null and void" if the defendant failed to cooperate, and Raul and Gerardo's plea agreements, which made the agreements "voidable" upon request of the government if Raul and Gerardo failed to cooperate fully. Paragraph 11 of Gerardo's Plea Agreement and Paragraph 12 of Raul's Plea Agreement each specifically provides that the Plea Agreement and the guilty plea "will be vacated" at the request of either party in the event that Raul or Gerardo is sentenced to a term different from the one contemplated in his Plea Agreement. All parties moved the district court to void the Plea Agreements and guilty pleas.

The government now argues on appeal that the plain language of the Plea Agreements indicates that portions of the Agreements were really entered under Rule 11(e)(1)(A), and that the language of the Agreements implies that a refusal by Raul or Gerardo to cooperate would allow them to be sentenced under the calculated guidelines rather than any agreed-upon term.

In the alternative, the government argues that even if the Agreements were entered under Rule 11(e)(1)(C), Raul and Gerardo's sentences should still be affirmed because they acted in bad faith when they entered the Agreements. Both Raul and Gerardo argued before the district court that they were fraudulently induced by the government to enter into the plea agreements. The government now argues that Raul and Gerardo perpetrated fraud upon the court by entering into agreements they had no intention of fulfilling, as witnessed by their subsequent motions to withdraw their guilty pleas.

The district court erred by failing to accept the plea agreements and to sentence Raul and Gerardo accordingly or to reject the agreements and allow Raul and Gerardo to withdraw their guilty pleas. *See Fernandez,* 960 F.2d at 773.

## B. Refusal to allow withdrawal of guilty pleas

■ In the first paragraph of both of the plea agreements, the defendants state that they enter into their respective agreements "pursuant to Rule 11(e)(1)(C)." Under Rule 11(e)(1)(C), the sentence agreed upon by the parties as part of their plea agreement is "binding on the court once it is accepted by the court." Thus, the court's only option when entertaining a Rule 11(e)(1)(C) plea is to either accept or reject the agreement; the court cannot modify it. *See Mukai,* 26 F.3d at 955 ("The rules contain no provision for the district court to modify a Rule 11(e)(1)(C) plea agreement."). Accordingly, Rule 11(e)(3) provides that, after accepting the plea agreement, "the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

■ In this case, the district court stated that it was "accept[ing] the plea agreement as in every detail and part," but it then proceeded, in violation of Rule 11(e)(1)(C) and Rule 11(e)(3), to impose a higher sentence than that provided for in the plea agreement. Thus, the district court did not "accept" the plea agreement under Rule 11(e)(3). Rather, the district court rejected the plea and substituted its own view of the appropriate sentence under the guidelines. Because the district court rejected the sentence agreed upon by the parties, it was required under Rule

11(e)(4) to "afford the defendant the opportunity to then withdraw the plea." Failure to do so was error.

■■ The fact that there was a provision in the plea agreements under which Raul and Gerardo forfeited their rights to withdraw their pleas if they violated the terms of the agreements does not require a different result. It is clear that both defendants violated the cooperation requirements in their respective plea agreements. Under paragraph 18 of Gerardo's plea agreement and paragraph 19 of Raul's plea agreement, the violation of the cooperation requirement would appear to forfeit both defendants' rights to withdraw their pleas because they "violate[d] any term of this agreement between signing this agreement and the date of sentencing." However, in order to waive the right to withdraw a plea under Rule 11(e)(4), the waiver must be knowing and voluntary. *See United States v. Davis*, 121 F.3d 335, 337–38 (7th Cir.1997) (applying the waiver requirements of *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), to a defendant's waiver of the right to withdraw his plea); *cf. United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993) (noting that a "knowing and voluntary waiver of a statutory right is enforceable"). There was no knowing and voluntary waiver in this case.

Under our Rule 11 jurisprudence, the fact that Paragraphs 18 and 19 of the respective plea agreements were in writing and were presumably read by the defendants does not constitute a valid waiver. The judge has the obligation to ascertain, through careful questioning, that each defendant understands the agreement he has entered into. Just because a defendant "ha[s] read the [plea agreement] at some prior time does not mean that he underst[ands] the implications of each of its provisions." *United States v. Kennell*, 15

F.3d 134, 138 (9th Cir.1994); *see also id.* at 137 (stating that the fact that the defendant "has read the agreement simply do[es] not take the place of the judge's telling the defendant what it means"). If anything, the statements by the judge and the prosecutor at the plea hearing would have led Raul and Gerardo to believe that they did not waive their right to withdraw their pleas if the judge did not accept the agreed upon sentences.

During the guilty plea hearing, Raul and Gerardo were repeatedly led to believe that, if the district court chose to sentence them beyond the agreed upon terms, they would have the option of withdrawing their pleas. For example, at one point during the hearing, the prosecutor stated:

> If I may, just to perfect the record. In the event the court were to decide not to accept the 11(e)(1)(C) pleas—and by that, indicating that it would give a sentence either above the amount to which the defendant had agreed or below the amount to which the United States had agreed—the agreements would be voidable by the option of either party.

The district court then responded by stating: "Right. They can withdraw their pleas and say, I'll live with it, but it's better than what might happen if I go to trial." Later in the proceedings, the following colloquy occurred:

> THE COURT: Are there any other rights that they're giving up, other than the basic litany that I will go through in a moment, but that are outside the ordinary rights that you are giving up in connection with trial?
>
> [Prosecutor]: No, your Honor.
>
> THE COURT: You understand also, however, that if you don't give truthful information or comply with your part of the bargain in this agreement, then the agreement may be deemed breached or broken and the government can then

prosecute you on the charges as originally contained in the indictment. Do you understand that Mr. Reyes?

DEFENDANT RAUL REYES: Yes, your Honor.

. . .

THE COURT: And do you understand that, Gerardo Reyes?

DEFENDANT GERARDO REYES: Yes.

Nowhere in this discussion does the district court or the prosecutor inform Raul or Gerardo that paragraphs 18 and 19 of their plea agreements negate their rights under Rule 11. In fact, the prosecutor states that there are no other rights that the defendants are giving up as part of the plea agreements. The district court's statements to the defendants suggest that if they do not cooperate, they will be prosecuted; the statements do not suggest that their guilty pleas could then be accepted over their objection.

Because the plea agreements in this case clearly state that the defendants were pleading guilty under Rule 11(e)(1)(C) and because the defendants did not knowingly and voluntarily waive their Rule 11(e)(4) right to withdraw their guilty pleas if the district court rejected their agreed upon sentences, Raul and Gerardo must be given the opportunity to withdraw the pleas and face prosecution on the charges as originally contained in the Indictment.

## C. Speedy Trial Act

Raul and Gerardo argue that if remand is proper to allow them to withdraw their pleas of guilty and to void their Plea Agreements, then dismissal of the charges against them is required by the Speedy Trial Act, 18 U.S.C. § 3161. Raul and Gerardo asserted their Speedy Trial rights pro se as part of their post-plea efforts to void their Plea Agreements and withdraw their pleas of guilty in 1999. Whatever Speedy Trial Act violations may have occurred were waived by defendants' failure to make motions to dismiss based on the Speedy Trial Act prior to their pleas. *See* 18 U.S.C. § 3162(a)(2).

## D. Reassignment

Both Raul and Gerardo argue that if this matter is remanded, the case should be reassigned to a different judge. Absent proof of personal bias on the part of the district judge, remand to a different judge is proper only under unusual circumstances. *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1508 (9th Cir.1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2415, 124 L.Ed.2d 638 (1993).

■ In making this determination, the court must consider three factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* (*quoting United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)). "The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge." *Sears, Roebuck & Co.*, 785 F.2d at 780 (*citing United States v. Alverson*, 666 F.2d 341, 349 (9th Cir.1982)).

■ Raul and Gerardo argue that remand to a different judge is proper here because the district court was adamant in its refusal to follow established law of this circuit concerning Rule 11(e)(1)(C) plea agreements, despite the protestations of all

parties, including the government. *See Sears, Roebuck & Co.*, 785 F.2d at 780 (adamancy in erroneous rulings may justify remand to different judge). Raul also argues that the district court's delay in authorizing and refusal to authorize transcript expenditures counsels for reassignment upon remand.

The appearance of justice is served by reassigning this matter to a different judge, since the district court openly stated that it believed that Raul and Gerardo were attempting to manipulate the system, and this belief may have caused the district court's adamancy in its rulings. While we believe that on remand the district judge would be fair and impartial, this case presents an unusual circumstance wherein reassignment to a different judge is desirable. Because these matters were resolved by pleas at the district court and did not proceed to trial, judicial efficiency will not be unduly compromised by reassignment to a different judge.

## III. Conclusion

The decision of the district court is REVERSED and REMANDED to allow Raul Reyes and Gerardo Reyes to withdraw their guilty pleas. Upon remand, this matter shall be reassigned to a different district judge.