UNITED STATES of America, Plaintiff—Appellant,

v.

Gerald EAVES; W. Shephardson McCook, Defendants— Appellees.

United States of America, Plaintiff—Appellant,

v.

**Gerald Eaves, Defendant—Appellee.**

Nos. 02–50391, 02–50449.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided June 13, 2003.

BEFORE: REINHARDT,
O'SCANNLAIN and FISHER, Circuit
Judges.

## MEMORANDUM *

The government appeals from three pretrial orders entered by the district court: (1) the district court's June 24, 2002 dismissal of the First Superseding Indictment ("FSI") as to defendant McCook; (2) the court's July 22, 2002 denial of the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the remaining FSI charges; and (3) the court's August 19, 2002 dismissal of FSI counts 1–6, alleging violations of the Travel Act, 18 U.S.C. § 1952. The government also asks that the case be remanded to a different district court judge. The relevant facts are known to the parties and are discussed here only as necessary. For the reasons stated below, we AFFIRM the district court's dismissal of the FSI as to McCook, REVERSE both the district court's denial of the government's Rule 48(a) motion and the district court's dismissal of the Travel Act counts and DENY the defendants' request for reassignment to a different district court judge.

### A. Dismissal of the FSI as to McCook

■ "We review the dismissal of an indictment without prejudice for an abuse of discretion." *United States v. Adrian,* 978 F.2d 486, 493 (9th Cir.1992). Upon reviewing the record, we conclude that the district court did not abuse its discretion in dismissing the FSI as to McCook. The district court was concerned that the grand jury that returned the FSI was not aware that the prior grand jury had declined to indict McCook on similar charges. When the court raised this concern with the parties, the government did not respond as to what the second grand jury had been told. Under these circum-

stances, we cannot conclude that the district court abused its discretion.

### B. Denial of the government's Rule 48(a) motion to dismiss the remaining FSI charges

■ We review for abuse of discretion a district court's denial of a Rule 48(a) motion for leave to dismiss an indictment. The district court's discretion, however, is limited. *See United States v. Garcia–Valenzuela,* 232 F.3d 1003, 1007 (9th Cir. 2000). "If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion *when it specifically determines that the government is operating in bad faith.*" *United States v. Hayden,* 860 F.2d 1483, 1487 (9th Cir.1988) (emphasis added).

Here, the court made no specific determination that the government was acting in bad faith in seeking to dismiss the FSI. The court's conclusory finding that granting the Rule 48(a) motion would result in prosecutorial harassment has no support in the record. The government fully informed the court of its reasons for seeking dismissal of the FSI. The government intended to bring a new indictment against both Eaves and McCook that would satisfy the concerns expressed by the district court in dismissing the original indictment. The government also committed to retaining the trial date that had already been set, thereby ensuring that Eaves' right to a speedy trial would not be violated. Because the record does not support a finding of bad faith, the district court abused its discretion in denying the Rule 48(a) motion to dismiss.

### C. Dismissal of the FSI Travel Act counts

We review de novo a district court's decision to dismiss an indictment based on an interpretation of a federal statute. *United States v. Lualemaga,* 280 F.3d 1260, 1263 (9th Cir.2002). The district court dismissed the Travel Act charges for two stated reasons: (1) the FSI did not allege any nexus with interstate commerce, and (2) the FSI did not allege damage to the people represented by Mr. Eaves. As to (1), we conclude that the Travel Act counts in the FSI allege a sufficient nexus with interstate commerce because each count specifically alleges use of the mails or interstate wires. We also conclude that the district court erred as to (2): the plain language of the Travel Act does not include harm to a legislator's constituents as an element of the offense.

Eaves argues that we should nonetheless affirm the district court's dismissal of the Travel Act counts because the Act as applied to him exceeds Congress' authority under the Commerce Clause and is void for vagueness. We do not address these constitutional challenges and instead leave them for the district court to consider in the first instance on remand.

### D. Reassignment to a different district court judge on remand

■ "Absent proof of personal bias on the part of the district judge, remand to a different judge is proper only under unusual circumstances." *United States v. Reyes,* 313 F.3d 1152, 1159 (9th Cir.2002). In deciding whether to remand a case a different judge, we consider three factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,

(2) whether reassignment is advisable to preserve the appearance of justice, and

(3) whether reassignment would entail waste and duplication out of proportion

to any gain in preserving the appearance of fairness.

*Id.* (quoting *Medrano v. City of Los Angeles,* 973 F.2d 1499, 1508 (9th Cir.1992)). "'The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge.'" *Id.* (quoting *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986)). Upon careful consideration, we conclude that reassignment is not warranted in this case.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.