**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Edgar William ARTEAGA-GIRON,**
**Defendant—Appellant.**

**No. 03-30048.**

**D.C. No. CR-02-00162-JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 11, 2004.

---

Mark D. Chutkow, Katheryn Kim Frierson, USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Catherine L. Floit, Shoreline, WA, for Defendant–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Edgar William Arteaga–Giron appeals his conviction for conspiracy to distribute and possession of 500 or more grams of methamphetamine, and carrying and for possessing a firearm in furtherance of a drug trafficking crime. Arteaga–Giron claims the trial court erred in denying his request to represent himself. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

*Standard of Review*

This circuit has "not yet clarified whether denial of a *Faretta* request is reviewed de novo or for abuse of discretion." *United States v. Kaczynski,* 239 F.3d 1108, 1116 (9th Cir.2001); *see also United States v. George,* 56 F.3d 1078, 1084 (9th Cir. 1995). In both *Kaczynski* and *George,* this court declined to rule on this issue, finding that under either standard the result would be the same. *Kaczynski,* 239 F.3d at 1116; *George,* 56 F.3d at 1084. Today, we again decline ruling on the issue because the result is the same under either standard.

*Merits*

The Sixth Amendment guarantees a defendant the right of self-representation. *Faretta,* 422 U.S. at 834. "A defendant may not invoke the *Faretta* right if the *Faretta* demand is untimely, equivocal, made for the purpose of delay, or is not knowingly and intelligently made." *Sandoval v. Calderon,* 241 F.3d 765, 774 (9th Cir.2000).

Prior to trial, the court granted Arteaga–Giron's request to proceed pro se, finding "that [Arteaga–Giron's] request which was made before jury selection was timely made ... and [was] unequivocal and was voluntarily and intelligently made by the Defendant, aware of the nature of the charges against him, the possible penalties and the dangers and disadvantages of self-representation." Only eleven days later, the court cut-off Arteaga–Giron's self-representation, ordered him to "sit down," and had stand-by counsel take over.

The only intervening event, and the apparently decisive factor in that decision, was Arteaga–Giron's less than artful cross-examination of the government's first witness at a suppression hearing. In a statement made during sentencing, when Arteaga–Giron reasserted his desire to represent himself, the district court explained this decision: "During the [suppression] hearing, after it became very obvious to the court that you were *not*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*capable of representing yourself,* the Court withdrew its order allowing you to represent yourself and directed Mr. Kellogg to take over the handling of your case." (emphasis added). The court continued, "Since September 24, 2002, Mr. Arteaga, have you undergone any training or education in the law?"

The record shows that the trial court impermissibly denied Arteaga–Giron the right to represent himself because he lacked the skills to ably represent himself. Caselaw forbids this. *Faretta,* 422 U.S. at 835 ("[T]echnical legal knowledge, as such, was not relevant to an assessment of defendant's knowing exercise of the right to defend himself."); *Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) ("[A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation.").

"[A]lthough [Arteaga–Giron] may [have] conduct[ed] his own defense ultimately to his own detriment, his choice must be honored." *Faretta,* 422 U.S. at 834. The district court did not honor Arteaga–Giron's choice. Its unilateral decision to reinstate stand-by counsel because the defendant was not ably representing himself was an abuse of discretion.

We remand this case to the Chief Judge of the Western District of Washington with instructions to reassign the case to a different judge for a new trial. *See United States v. Reyes,* 313 F.3d 1152, 1159–60 (9th Cir.2002) (citing *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986) (noting that in special circumstances reassignment on remand is appropriate)).

**REVERSED and REMANDED**