UNITED STATES of America, Plaintiff—Appellee,

v.

James R. JOHNSON, Defendant—Appellant.

No. 03–30022.
D.C. No. CR–01–05107–JET.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 13, 2004.

Douglas B. Whalley, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Mark David Mestel, Mestel & Muenster, Everett, WA, for Defendant–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

James Raymond Johnson pleaded guilty to one count of conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. His original sentence was vacated by this Court and now he appeals the 60–month sentence imposed at resentencing. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We conclude that the district court once again applied the incorrect standard of proof when it found

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Johnson ineligible for the "safety valve" protections accorded in U.S.S.G. § 5C1.2. Accordingly, we vacate Johnson's sentence for a second time, and remand for resentencing.

At his original sentencing, the district court sentenced Johnson to 60 months in prison and five years of supervised release, and found that he did not qualify for the safety valve protections accorded in U.S.S.G. § 5C1.2. On appeal, this Court vacated Johnson's sentence, and determined that the district court erred by applying the incorrect burden of proof. *United States v. Johnson*, 46 Fed.Appx. 533, 533–34 (9th Cir.2002) (*Johnson I*); *see also United States v. Nelson*, 222 F.3d 545, 550–51 (9th Cir.2000) (explaining that the standard of proof for application of the safety valve under section 5C1.2 concerning when a weapon has been used in connection with the offense is not the same as the standard of proof for application of the firearm enhancement under Section 2D1.1(b)(1)). In *Johnson I*, we remanded and ordered the district court to determine "whether Johnson qualifies for the safety valve, applying the preponderance of the evidence standard to the factual findings whether Johnson used a firearm in connection with the offense." *Johnson*, 46 Fed. Appx. at 533–34.

At Johnson's resentencing, the sole issue was whether Johnson was entitled to the protection of § 5C1.2. Specifically, the district court had to determine whether Johnson possessed a firearm in connection with his offense and whether "offense" in § 5C1.2(a)(2) pertained to the conspiracy count to which Johnson pleaded guilty. After hearing oral argument and taking testimony from Johnson, the district court again sentenced him to a 60–month sentence, and refused application of the safety valve.

In this appeal, Johnson contends that the district court's determination that he did not qualify for the safety valve was based, once again, on the district court's application of an incorrect standard of proof. We review de novo the district court's interpretation of the sentencing guidelines. *United States v. Shumate*, 329 F.3d 1026, 1028 (9th Cir.2003). We review for clear error the district court's factual determination regarding a defendant's eligibility for the safety valve provided in § 5C1.2. *United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996).

The district court's statements at resentencing indicate that the court applied the wrong burden of proof. At the outset of the hearing, the district court stated that it believed that "the question is whether or not that the defendant established by a preponderance of the evidence that it is *clearly improbable* that those weapons had something to do with the grow." (Emphasis added). After several attempts by defense counsel to correct this apparent misunderstanding, the district court once again stated that "the defendant has not— has failed to show by a preponderance of the evidence that it's *clearly improbable* that the guns were possessed in connection with the marijuana...." (Emphasis added). Moreover, the district court's one arguably correct application of the standard of proof was encircled by its numerous and obvious misstatements, and was directed at findings concerning certain underlying undisputed facts, not at the ultimate question of the connection between the guns and the marijuana grow. Also, the judge's references to a "preponderance" standard do not demonstrate that he understood that "clearly improbable" has no application in both the safety-valve context, as he stated at other points that *both* preponderance and clear improbability applied. Given the district court's statements at the hearing, we conclude that it neither understood nor applied the correct standard of proof.

At Johnson's two sentencing hearings, the government took the position that Johnson *is* eligible for the safety valve. The application of the safety valve here is a close question, one as to which the difference between the two burdens of proof could well matter. Accordingly, we find that for a second time the district court failed to apply the correct preponderance of the evidence standard when it determined that Johnson was not eligible for the safety valve protections of § 5C1.2. We remand this case to the Chief Judge of the Western District of Washington with instructions to reassign the case to a different judge for resentencing. *See United States v. Reyes,* 313 F.3d 1152, 1159–60 (9th Cir.2002) (citing *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986) (noting that in special circumstances, reassignment on remand is appropriate)).

REVERSED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.