**Chrystine M. LAWSON, an individual; et al., Plaintiffs—Appellants,**

v.

**CITY OF SANTA BARBARA, a Municipal corporation; et al., Defendants—Appellees.**

No. 03–55821.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 3, 2005.

Peter Eliasberg, Esq., Aclu Foundation of Southern California, Los Angeles, CA, Gilbert Gaynor, Esq., Santa Barbara, CA, Peter Eliasberg, Esq., Ohio State University Moritz College of Law, Columbus, OH, for Plaintiffs–Appellants.

Gilbert Gaynor, Esq., Daniel P. Tokaji, Janet K. McGinnis, Asst. City Atty., Santa Barbara, CA, for Defendants–Appellees.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

Chrystine Lawson and Campus Labor Action Coalition brought suit against the City of Santa Barbara to challenge the constitutionality of several parade permitting restrictions. On remand from a previous panel of this court, the district court dismissed the suit as moot, in defiance of this court's mandate. Lawson appealed. We now vacate the decision of the district court and remand.

A panel of our court, reversing Judge Real's prior dismissal of this case as moot, concluded that while Lawson's facial challenge was moot, her as-applied challenge is viable, as it is "capable of repetition, yet evading review." The panel remanded, instructing the district court to "consider the merits" of Lawson's "as-applied claim" and, as to the facial challenge, to "grant Lawson leave to amend (if she so desires) to clarify whether she in fact seeks such future relief." The clear and well-settled

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rule of mandate provides that "[w]hen acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution." *Vizcaino v. United States District Court*, 173 F.3d 713, 719 (9th Cir.1999) (citations and quotations omitted).

Upon remand, and contrary to the express instructions in our mandate, Judge Real again dismissed the case as moot, without giving Lawson an opportunity to amend her complaint. Judge Real explicitly substituted his own judgment for that of the panel, and acknowledged that his dismissal was "in spite of the Court of Appeals' order." We therefore vacate the district court's order dismissing this case as moot, and remand for further proceedings. On remand, the court should develop an evidentiary record to adequately consider the pending Motion to Substitute Parties, as well as the government's opposing contention that the facts underlying that motion demonstrate that the case has become moot since the last district court ruling. We decline to rule at this time on those matters. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 533 n. 11 (9th Cir.2001) (declining to address party's mootness argument, based on "recent developments" not included in the record, and instructing the district court to consider the argument on remand).

Because Judge Real acted in defiance of our mandate, this case is sufficiently "unusual" that "remand to a different judge is proper." *United States v. Reyes*, 313 F.3d 1152, 1159 (9th Cir.2002). We find that the instant dismissal suggests that Judge Real "would reasonably be expected upon remand to have substantial difficulty in putting out of his ... mind previously-expressed views or findings determined to be erroneous." *Id.* at 1159. Therefore, upon remand, the Chief Judge of the Central District shall reassign this case to a different district judge.

VACATED and REMANDED.

KLEINFELD, Circuit Judge, dissenting.

In my view we should deny the motion to substitute parties, dismiss the appeal because the case is moot, and vacate the judgment of the district court. Vacating the judgment is proper under *United States v. Munsingwear*.[1] Justice does not require otherwise, because the district court did not follow the mandate of the Court of Appeals.

Mootness is established here by the motion to substitute parties itself. Federal Rule of Appellate Procedure 43(a) provides for the substitution of parties upon the death of a party. Rule 43(b) provides for substitution "for any reason other than death."[2] In *Sable Communications of California, Inc. v. Pacific Telephone and Telegraph Co.*,[3] we denied a motion to substitute, because "substitution under Rule 43(b) is appropriate only where necessary and necessary means that a party to the suit is unable to continue, such as where a party becomes incompetent or a transfer of interest in the company or property involved in the suit has occurred."[4] There is no inability by incompetence in this case, nor is there a "trans-

---

**1.** *United States v. Munsingwear,* 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

**2.** Fed. R.App. Proc. 43(b).

**3.** *Sable Communications of California, Inc. v. Pac. Tel. & Tel. Co.,* 890 F.2d 184 (9th Cir. 1989).

**4.** *Id.* at 191 n. 13 (internal citation and quotation marks omitted).

fer of interest" in the sense in which it is used in *Sable*. *Sable* follows *Alabama Power Company v. Interstate Commerce Commission.*[5] *Alabama Power* holds, in the portion followed by *Sable*, that "[n]ecessary means that a party to the suit is unable to continue to litigate, not ... that an original party has voluntarily chosen to stop litigating."[6]

Neither the individual plaintiff, Christine Lawson, nor the organizational plaintiff, Campus Labor Action Coalition, are going to lead any more marches according to the declarations. To me, the case seems as moot as the plaintiffs' case in *Arizonans for Official English v. Arizona,*[7] where the Supreme Court forcefully reminded us of our duty to avoid deciding constitutional questions in moot cases.[8] That other people and organizations who share Lawson's and the Campus Labor Action Coalition's opinions may lead future marches does not prevent mootness, just as the likelihood that there were employees who shared Yniguez's linguistic and political preferences did not preclude mootness in *Arizonans for Official English.*[9]

---

5. *Ala. Power Co. v. Interstate Commerce Comm'n,* 852 F.2d 1361 (D.C.Cir.1988).

6. *Id.* at 1366 (internal quotation marks omitted).

7. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

