Alexander BELL, Plaintiff—Appellant,

v.

HAWAIIAN AIRLINES, INC., Defendant—Appellee,

and

Retirement Plan for Pilots of Hawaiian Airlines, Inc.; et al., Defendants.

No. 02–16328.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 11, 2005.

Carl H. Osaki, Esq., Attorney at Law, Honolulu, HI, for Plaintiff–Appellant.

Lisa Woods Munger, Esq., Lindalee K. Farm, Esq., Goodsill Anderson Quinn & Stifel, Honolulu, HI, for Defendant–Appellee.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM *

Alexander Bell appeals the district court judgment, following a bench trial, dismissing his ERISA penalty claim against Hawaiian Airlines. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

**A.**

■ The district court erred by failing to follow the law of the case when it considered the question whether Bell's letters to Hawaiian Airlines were "requests for information," for the purposes of ERISA reporting requirements, codified at 29 U.S.C. § 1025(a). We "review[ ] de novo a district court's compliance with the mandate of an appellate court." *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir.2000). A previous panel of this court found that the letters were "requests for information," stating in a March 8, 2000 memorandum disposition that "[a]lthough it is true that '[a] demand for benefits is not a written request' for information, these two letters, viewed in context, reasonably could be interpreted as both requests for information and demands for benefits." The panel then affirmed the district court's grant of summary judgment on a different issue, and reversed and remanded. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previ-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir.2001) ("A trial court may not ... reconsider a question decided by an appellate court."). Because the panel had already decided that the letters "reasonably could be interpreted as both requests for information and demands for benefits," the only question properly before the district court upon remand was whether to exercise its discretion to impose statutory penalties, pursuant to 29 U.S.C. § 1132(c)(1).

## B.

■ As an alternative holding, we conclude that the district court clearly erred in finding that Bell's letters to Hawaiian Airlines were not "requests for information," pursuant to 29 U.S.C. § 1025(a). "Following a bench trial, the judge's findings of fact are reviewed for clear error." *Lentini v. California Center for the Arts*, 370 F.3d 837, 843 (9th Cir.2004).

Because Bell's requests "puts the administrator on notice of the information sought," *Moothart v. Bell*, 21 F.3d 1499 (10th Cir.1994), they were sufficiently clear. Bell's June 1992 letter states that his retirement pay "has not been determined," and requests the "reason for delay." The October 1992 letter states that though it was two years since his retirement, "as yet my retirement pay has not been finalized ... I have no idea why the inordinate delay." Plan administrator Iris Matsumoto characterized the first letter from Bell as a request for a "final calculation," and apologized "for the lengthy delay in processing your final benefit calculation." Thus "although this letter could have been more artfully drafted, viewing the letter in its entirety and considering

[the administrator's] understanding that a request was being made," we hold that the letters "constituted a sufficient written request." *Boone v. Leavenworth Anesthesia, Inc.*, 20 F.3d 1108, 1111 (10th Cir. 1994); *see also Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073 (5th Cir.1990) (holding that a request is sufficiently clear if the administrator "knew or should have known" that plan information was requested).

Finally, Bell is squarely in the class of people the ERISA disclosure requirements were designed to protect. ERISA's legislative history shows that the drafters instituted the accounting provisions to prevent situations where "[a participant's] financial planning would be impaired" due to the participant's inability to receive an accounting upon a request when they have "a pressing need for [it] at a significant time, such as upon termination of employment, disability, or vesting." *Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 934 (3rd Cir.1985). Bell wrote the first of his letters 18 months after retirement. His second letter was sent nearly two years after his retirement. Bell did not receive a final accounting until nearly seven years after retirement. During this time, Bell had no way to plan his retirement finances accurately, as he did not know what final monthly sum he would be entitled to. To engage in financial planning for his retirement, it was critical that he receive a correct accounting of what benefits he could expect.

Because, "[o]n the entire evidence" we are "left with the definite and firm conviction that a mistake has been committed," *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 869 (9th Cir.2001), we find that the district court clearly erred in determining that Bell's letters were not requests for information.

## C.

We reverse the district court's judgment and remand for the district court to determine whether to exercise its discretion to impose statutory penalties pursuant to 29 U.S.C. § 1132(c)(1). We also remand for the district court to consider the statute of limitations issue raised by Hawaiian, and Bell's claim that Hawaiian's statute of limitations defense was filed as a summary judgment motion "long after the dispositive motions deadline had expired."

We decline to remand this case to a different district judge. "[R]emand to a different judge is proper only under unusual circumstances," *United States v. Reyes*, 313 F.3d 1152, 1159 (9th Cir.2002), and we have no reason to believe that Judge King would have "substantial difficulty putting out of his ... mind previously-expressed views." *Id.*

REVERSED and REMANDED.

CLIFTON, Circuit Judge, dissenting.

I disagree with each of the majority's alternative rationales for reversal of the district court and thus respectfully dissent.

In my view, the previous panel's memorandum disposition did not resolve the question decided below. Although the panel determined that Bell's letters "viewed in context, reasonably *could* be interpreted as ... requests for information," *Bell v. Hawaiian Airlines, Inc.*, 211 F.3d 1272 (9th2000) (emphasis added), "could be" does not mean "were." The panel reversed a summary judgment on that issue in favor of Hawaiian Airlines, but it did not say that summary judgment should have been entered for Bell. Indeed, rather than make the determination made here—that is, that Hawaiian Airlines *in fact* interpreted or *should have* interpreted the letters as requests for information, *ante* at ————the previous panel

remanded the question to the district court, which, as factfinder, would be better able to interpret the letters "in context." *Bell*, 211 F.3d 1272. If the panel had intended, as the majority suggests here, to provide a binding interpretation of the letters and thus to narrow the issues before the district court on remand, "it could easily have done so" explicitly. *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir.1995) (per curiam).

The district court determined that Bell's letters to Hawaiian Airlines, viewed in context, were not requests for information, but rather a "continuing demand that his benefits be recalculated." Mindful both that statutory penalties are to be "strictly construed" and that clear-error review is "significantly deferential," I would affirm. *Ivan Allen Co. v. United States*, 422 U.S. 617, 627, 95 S.Ct. 2501, 45 L.Ed.2d 435 (1975); *United States v. Gust*, 405 F.3d 797, 799 (9th Cir.2005) (internal quotation marks omitted). Although Bell's first letter complained that his "proper retirement pay ha[d] not been determined nor paid," it did not request that Hawaiian Airlines provide him with the determination. It requested only that Hawaiian Airlines advise him of the "reason for delay." In its reply, Hawaiian Airlines apologized for its delay in "processing" (rather than providing) Bell's final benefit calculation and promised that the calculation, once completed, would be forwarded to the Retirement Board (rather than to Bell). Bell's second letter echoed Hawaiian Airlines' apparent understanding, reminding the company of its promise that "approval by the Retirement Board would be forthcoming" and observing that more than four months later, "no adjustment to [his] retirement pay ha[d] been made." To be sure, Bell also referred to "wait[ing] for Hawaiian Airlines to determine what [his] retirement pay should be," but as in his first letter, he did not request that the

determination be provided to him. Because the district court's interpretation of Bell's letters was entirely "plausible in light of the record viewed in its entirety," it cannot be clearly erroneous. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

For these reasons, I respectfully dissent.