NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50357 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-01065-LAB-1 |
| v. | |
| MARCO ANTONIO REYES-ARANDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 29, 2021[**]
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and ROBRENO,[***] District Judge.

Marco Antonio Reyes-Aranda appeals from the district court's judgment

revoking his probation and imposing a fifteen-month sentence. The judgment

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

rested on the district court's finding that Reyes-Aranda had committed a grade B felony under 8 U.S.C. § 1325. We have jurisdiction under 28 U.S.C. § 1291, and we review the revocation of probation for abuse of discretion. *See United States v. Duff*, 831 F.2d 176, 177 (9th Cir. 1987). Whether a supervised releasee received due process at a revocation proceeding is a mixed question of law and fact that is reviewed de novo. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We affirm.

1. Reyes-Aranda primarily relies on a due process claim to challenge the revocation decision. But his core argument appears to be that the district court improperly relied on past court records to find that he had three prior § 1325 convictions. And that finding led the court to conclude that his most recent § 1325 conviction constituted a felony. *See* 8 U.S.C. § 1325(a); *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160 (9th Cir. 2004).

We reject Reyes-Aranda's argument for two reasons. First, during the revocation hearing, counsel conceded the prior § 1325 convictions. *See United States v. Lynch*, 903 F.3d 1061, 1072 (9th Cir. 2018) (noting that concession of guilt "severely limit[ed] [the defendant's] ability to complain of purported errors"). Second, to find that Reyes-Aranda had past convictions, the district judge relied on a transcript of the sentencing hearing where he first imposed probation. During

2

that hearing, Reyes-Aranda admitted to his prior § 1325 convictions.[1] Relying on those admissions was not improper, as a district court "may take judicial notice of its own records in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted).

Because the evidence of past § 1325 convictions was sufficient to "reasonably satisf[y]" the district court that Reyes-Aranda had committed a felony in violation of his probation, *see United States v. Guadarrama*, 742 F.2d 487, 489 (9th Cir. 1983) (per curiam), the court did not abuse its discretion by revoking probation.

2. Turning to the due process challenge, Reyes-Aranda argues that, by considering the border patrol agent's testimony and the rap sheet summary, the district court violated his right to "confront and cross-examine adverse witnesses." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). First, there was no violation based on the agent's testimony, as it did not affect the court's decision. The testimony concerned whether Reyes-Aranda had violated 8 U.S.C. § 1326, and the court revoked probation solely based on its finding that he had violated § 1325. Second,

---

[1] Reyes-Aranda also admitted his past § 1325 convictions during the change of plea hearing that preceded the revocation hearing. He now seeks to undermine all his prior admissions by claiming they were not based on "verified facts." But the "verified fact" requirement applies when the government seeks to admit hearsay evidence to support a probation violation. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). It is thus inapplicable in this context.

3

in an earlier proceeding, Reyes-Aranda confirmed the rap sheet summary's accuracy, which undermines his challenge to its reliability. And, even if either the agent's testimony or the summary posed a confrontation problem, any error was harmless. *Perez*, 526 F.3d at 547. Absent the summary, counsel's admissions and the sentencing hearing transcript were sufficient to support a finding that Reyes-Aranda had prior § 1325 convictions. Reyes-Aranda thus did not suffer a confrontation violation.

Reyes-Aranda also argues that he was denied due process because the district court did not function as a "'neutral and detached' hearing body." *Morrissey*, 408 U.S. at 489. We reject this claim for several reasons. As we have explained, the court properly used judicial notice to consider past proceedings and counsel's admissions. And we find no error in the court's questioning of the border patrol agent. *See Duckett v. Godinez*, 67 F.3d 734, 739 (9th Cir. 1995). Finally, the district court's comments about border patrol do not reveal a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). We thus hold that the revocation hearing satisfied due process requirements.

3. As the district court did not abuse its discretion in revoking probation, we need not address whether remand to a different judge is warranted. In any event, we note that such a remedy is appropriate only in "unusual circumstances," which

4

are not present here. *See United States v. Reyes*, 313 F.3d 1152, 1159 (9th Cir. 2002) (citation omitted).

**AFFIRMED.**