**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY,
INC., Defendant-Appellee.**

No. 84–5296.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1985.
Decided March 25, 1986.

Victor D. Stone, Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Stephen D. Miller, Miller & Nolan, Inc., Beverly Hills, Cal., for defendant-appellee.

Before SKOPIL and CANBY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

The government appeals the dismissal of the superseding indictment on the ground that it broadened the original indictment and was therefore barred by the five year statute of limitations contained in 18 U.S.C. § 3282. We reverse and remand this case for assignment to a different judge.

### I.

Once an indictment is returned the statute of limitations is tolled as to the charges contained in the indictment. *United States v. Wilsey*, 458 F.2d 11, 12 (9th Cir.1972). A superseding indictment returned while the first indictment is pending is timely unless it "broaden[s] or substantially amend[s]" the charges in the original indictment. *United States v. Grady*, 544

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

F.2d 598, 602 (2d Cir.1976). *See also United States v. Friedman,* 649 F.2d 199, 203–04 (3d Cir.1981); *United States v. Charnay,* 537 F.2d 341, 354 (9th Cir.), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 527, 50 L.Ed.2d 610 (1976). To determine whether the superseding indictment impermissibly changed the charges in the original indictment it is necessary to examine the two indictments carefully. *Charnay,* 537 F.2d at 354; *see also Mende v. United States,* 282 F.2d 881, 883 (9th Cir.1960), *cert. denied,* 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1961).

■ The original indictment charges twelve substantive violations of 18 U.S.C. § 542, while the superseding indictment charged, based on the same conduct, twelve substantive violations of 18 U.S.C. § 1001. The original indictment also charged a conspiracy to violate 18 U.S.C. § 542 and to defraud the United States by impairing the customs service's attempt to learn the price and duties to be collected on imported television receivers. The conspiracy charged in the superseding indictment deleted all references to violations of 18 U.S.C. § 542. In other respects the conspiracy charge substantially resembled that charged in the original indictment with the exception of an additional parenthetical reference to dumping duties.

■ The substitution of the general false statement provision in 18 U.S.C. § 1001 for the more specific false statement provision in 18 U.S.C. § 542 did not expand or broaden the charges against Sears, since all the elements of a section 1001 prosecution are included in a section 542 charge. *United States v. Rose,* 570 F.2d 1358, 1363 (9th Cir.1978). Nor did the addition of a reference to dumping duties constitute a substantial change in the superseding indictment. *See Friedman,* 649 F.2d at 204 (factual allegations in a superseding indictment did not change although some additional details were added). The government from the outset made Sears aware of its concern with alleged attempts by Sears to circumvent these duties. *See United States v. Sears,* 719 F.2d 1386, 1388 (9th Cir.1983) (in

a previous appeal, this court noted that a possible motive for Sears' alleged false statements was "to avoid dumping duties...."), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1441, 79 L.Ed.2d 762 (1984).

■ Finally, the potential for imposition of a greater penalty under section 1001 does not render the charges in the superseding indictment broader than those in the original indictment. *Cf. United States v. Banks,* 682 F.2d 841, 845 (9th Cir.1982) (a superseding indictment that provided a potentially higher penalty than the original indictment was upheld), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 755, 74 L.Ed.2d 972 (1983); *accord United States v. Brooklier,* 685 F.2d 1208, 1215–16 (9th Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983).

## II.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In addition,

[t]he Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106.

These statutes, as well as the court's inherent authority, allow it to direct that a case on remand be assigned to a different judge. *Sederquist v. City of Tiburon,* 765 F.2d 756, 763 (9th Cir.1984); *Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804 (9th Cir.), *cert. denied,* 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55 (1963) (28 U.S.C. § 2106); *United States v. Ritter,* 273 F.2d 30 (10th Cir.1959), *cert. denied,* 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960) (inherent

authority and All Writs Act); *see generally Barber v. United States,* 711 F.2d 128 (9th Cir.1983).

Ordinarily, further proceedings in a case remanded to the district judge are conducted by the judge who originally tried the case. But, on rare occasions, both for the judge's sake and the appearance of justice, an assignment to a different judge is desirable. The remand does not imply any personal grievance against the judge.

In the absence of proof of personal bias, we remand to a new judge only under "unusual circumstances." *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir.1979) (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977) (*en banc* )). In making this determination we consider

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Arnett,* 628 F.2d at 1165 (quoting *United States v. Robin,* 553 F.2d at 10). The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge. *See United States v. Alverson,* 666 F.2d 341, 349 (9th Cir.1982). A district judge's adamance in making erroneous rulings may justify remand to a different judge. *See United ed States v. Doe,* 655 F.2d 920, 929 (9th Cir.1981). *See also United States v. Larios,* 640 F.2d 938, 943 (9th Cir.1981) (remand for resentencing before different judge where original judge had unreasonably refused to wait for transcript of former proceedings before sentencing and was adamant in his belief as to defendant's culpability; he therefore could not reasonably be expected to ignore his conclusions and the appearance of fairness required reassignment); *United States v. Ferguson,*

624 F.2d 81 (9th Cir.1980) (remand to new judge where original judge created error by refusing to consider mitigating factors before sentencing, where refusal to consider those factors was inconsistent with the need to preserve the appearance of justice and where reassignment would mean little duplication of efforts); *United States v. Arnett,* 628 F.2d at 1165 (declining to remand to a new judge where no injustice was threatened and reassignment would have caused considerable waste of time and duplication of effort).

There is no suggestion in any of the case law that the district court as an institution must first be given the opportunity to consider whether to reassign a case. If the request for reassignment after remand were made of the district judge by a party on bias grounds, the judge's refusal would be directly reviewable in this court by mandamus petition.

Nor do we believe that the statutory provisions concerning disqualification of judges, 28 U.S.C. §§ 144, 455 (1982), pose an obstacle to this court's ordering reassignment on remand. The disqualification statutes provide a method whereby a party to an action may request a judge to disqualify himself on the grounds of bias. *Id.* Our situation is distinguishable. We are not acting under the disqualification statutes, which a party must first invoke before the district court. Instead, this court is being asked in the first instance to exercise its inherent power to administer the system of appeals and remands by ordering a case reassigned on remand. The basis for the reassignment is not actual bias on the part of the judge, but rather a belief that the healthy administration of the judicial and appellate processes, as well as the appearance of justice, will best be served by such reassignment. We do not believe that the statutory provisions concerning disqualification are either exhaustive or the exclusive method whereby a judge may be removed from hearing a case. As the Second Circuit decision in *United States v. Robin* indicates, the appellate court's authority to reassign exists apart from the judicial disqualification statutes. *See* 553 F.2d at 11. There is simply nothing in the

disqualification statutes to prohibit this court from taking appropriate action in the first instance.

■ We believe the appearance of justice and the orderly administration of this court's appellate docket would best be served by remand to another judge. This is the fourth pretrial appeal in this case; and the third time the government has appealed from dismissal of the indictment. Even before trial, this case has consumed a tremendous amount of this court's judicial resources and time. This court's orderly administration of its own docket is threatened by the exertion of effort and the expenditure of time on repeated pretrial appeals in one case.

The district judge has been adament in his rulings. The district judge has twice dismissed the original indictment emphatically condemning the conduct of the government and the prosecuting attorney. At a hearing before the district court, following this court's reversal of that court's first dismissal, the district court stated that:

> I think this is one of the most egregious cases I have ever, ever known about in my career as a lawyer. I think ... if I had been the United States Attorney at that time, I would have fired [the original prosecutor] on the spot ....
>
> The government hid behind that [grand jury] procedure ... didn't want to bite the bullet....
>
> Obviously the Department of Justice didn't listen to [my prior opinion dismissing this case]; didn't read it as such ... to put [the original prosecutor] on other cases after that.

(Government's Br. at p. 44). The district court then dismissed this indictment a second time. The second dismissal, which followed a remand from this court directing reinstatement of the indictment, was summarily reversed. The district judge then dismissed this matter for a third time concluding, without making any findings, that the superseding indictment was time-barred. In so ruling, the district judge renewed his condemnation of the government stating "[t]he conduct ... of the

government in this case has been outrageous from the beginning and it has not ceased. It has not ceased." (Govt.Br. at 10). The district judge's statements and conduct evidence an appearance of his unwillingness to preside in this case.

Remand of this case, like those cases remanded to a new sentencing judge, would entail minimal duplication of effort and waste. *See Doe*, 655 F.2d at 929; *Ferguson*, 624 F.2d at 84. The superseding indictment in this case was returned before the defendant was ever tried on the first indictment. While the district judge's acquaintance with pretrial matters might expedite the trial on the superseding indictment, any duplication of time would not be so great as to be "out of proportion to any gain in preserving the appearance of fairness." *Arnett*, 628 F.2d at 1165 (quoting *United States v. Robin*, 553 F.2d at 10).

REVERSED and REMANDED with instructions that this case be reassigned on remand.