980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
John F. HAYDEN, Defendant-Appellee.
 No. 91-50682.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Dec. 9, 1992.
 
 Before FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals the district court's orders striking parts of the indictment and excluding certain evidence. The government also asks this court to order the case reassigned to another judge. The case is here for the third time.
 
 
 3
 Hayden was indicted in 1986 on thirty-two counts of wire fraud and two counts of interstate transportation of stolen property arising out of an insurance and bonding scheme that the government alleged to be fraudulent. The scheme led lenders on real estate collateral to suffer substantial losses when the market for certain types of speculative real estate development went sour in the early 1980s. After the indictment, the government moved to dismiss the initial charges in order to pursue reindictment on broader charges at a later time.
 
 
 4
 The case first appeared on our calendar in 1988 when the government appealed a district court order dismissing the modified indictment. We reversed and remanded with instructions to reinstate the indictment. See United States v. Hayden, 860 F.2d 1483 (9th Cir.1988).
 
 
 5
 Following an eleven-week trial, the district court granted a new trial and suggested to counsel that a motion to recuse the judge might be in order. The government appealed, this time contending that the trial judge had abused his discretion. The government did not in that appeal suggest recusal of the trial judge, but indicated a high level of discomfort with the judge's public expressions that he believed the defendant to be innocent.
 
 
 6
 We affirmed the discretionary grant of a new trial in an unpublished memorandum on February 15, 1991, but the case has not been tried. Following remand, the district court struck significant portions of the indictment and granted motions in limine which substantially barred evidence the government planned to offer in support of various counts in the indictment. We are now confronted with an interlocutory appeal.
 
 
 7
 We have jurisdiction under 18 U.S.C. § 3731 to review the striking of a substantial part of an indictment, United States v. Marubeni America Corp., 611 F.2d 763, 765 (9th Cir.1980), and the suppression of evidence. United States v. Helstoski, 442 U.S. 477, 487 n. 6 (1979).
 
 
 8
 On the merits, we must reverse both the striking of parts of the indictment and the suppression of evidence. The conflict between the theory of the prosecution and the rulings of the district court arises out of a fundamental disagreement about whether the facts alleged constitute crime or merely reckless or very careless representations made to lenders about the quality of real estate collateral for loans.
 
 
 9
 The government charged that Hayden intentionally and knowingly misrepresented material facts intending that lenders would rely on the facts as represented in making lending decisions. The government contends that Hayden, working through his Montana corporate entity, Glacier Insurance, falsely misrepresented the solvency of the company to an insurance rating company as well as to lenders. The government also charges that Hayden falsely represented that some $24 million in bond underwriting losses were infusions of capital. These practices in effect created a more or less classical Ponzi scheme in which proceeds from new sales of bonds went to pay off early investors, thereby "lulling" those whose bonds were actually in default, and causing new money to flow into Glacier from unsuspecting new investors.
 
 
 10
 The dispute over the district court's rulings centers on the government's charges that Hayden exploited material nondisclosure of facts which he had a duty to disclose to potential lenders. The law is clear that even absent the existence of a fiduciary relationship between the parties, affirmative misrepresentations or active concealments create a duty to disclose material information and can therefore serve as a basis for criminal liability. United States v. Benny, 786 F.2d 1410, 1418 (9th Cir.1986). The district court struck portions of the indictment and excluded certain evidence pertaining to omissions or failures to disclose on the ground that there was no independent duty to disclose. But, the thrust of the government's case is that Hayden was actively concealing information and thus misrepresenting the financial stability of his company. Whether the omissions were arms-length nondisclosures or active concealment of facts amounting to affirmative misrepresentation is ordinarily an issue for the trier of fact. See, e.g., United States v. Rasheed, 663 F.2d 843, 848 (9th Cir.1981), cert. denied sub nom., Phillips v. United States, 454 U.S. 1157 (1982). Accordingly, the deleted portions of the indictment should be reinstated, and the government should be allowed to present its evidence to a jury.
 
 
 11
 We express no opinion on the probability that the government will be able to prove one or more of the fraud counts in the indictment, but the government should have the right to try to do so if it has admissible evidence to support its charges.
 
 
 12
 The government also argues that the position of the judge has hardened to the point that the opportunities for both sides to have a fair trial require the assignment of the case to another judge. The government relies on United States v. Sears, Roebuck & Co., 785 F.2d 777 (9th Cir.1986), where we held that "on rare occasions, both for the judge's sake and the appearance of justice, an assignment to a different judge is desirable." Id. at 780. This is not, however, one of those "rare occasions" that would warrant reassignment. At one point, the judge did opine that Hayden should have been acquitted in the first trial, but there is no indication that this view has in the past, or will in the future, interfere with the judge's handling of the case.
 
 
 13
 The challenged rulings of the district are therefore reversed and the request for reassignment is denied.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3