Eric "Kiki" SPANGLER; Steven Bigler, Plaintiffs—
Appellants,

v.

ABERCROMBIE & FITCH, an Ohio Corporation, Defendant—
Appellee.

No. 01–55472, 01–55707.

D.C. No. CV–00–07828–MLR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 24, 2003.

Before RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

* Honorable Ronald B. Leighton, United States    District Judge for the Western District of

## MEMORANDUM**

Eric "Kiki" Spangler and Steven Bigler ("the Appellants") appeal the district court's grant of summary judgment and attorney's fees in favor of Abercrombie & Fitch, Inc. The district court concluded that the Appellants' claims were barred by a one-year statute of limitation and by other affirmative defenses raised by Abercrombie. We reverse in part and affirm in part. We vacate the district court's award of attorney's fees and remand for further proceedings.

### I

■ The district court dismissed the Appellants' claims on the grounds of four affirmative defenses raised by Abercrombie in both this case and a companion case, *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir.2001). We are bound by the *Downing* court's determination that the *Downing* plaintiffs' nearly identical claims were not barred by the First Amendment, *id.* at 1001–03, by federal preemption under the Copyright Act, *id.* at 1003–05, by California choice of law principles, *id.* at 1005–07, or by the Lanham Act, *id.* at 1003–05. Consequently, we reverse the district court's dismissal of the appellants' claims on these grounds.

### II

We review de novo a district court's determination that a claim is time-barred by a statute of limitation. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 779 (9th Cir.2002).

■ Appellants' counsel conceded at argument that the gist of all the claims in

their complaint is misuse of their images for commercial gain. Dismissal of the common law right of privacy claim alleged in the complaint is not pursued on appeal. This leaves claims for infringement of the right of publicity, common law and statutory misappropriation of identity, and false designation of origin under § 43 of the Lanham Act. 15 U.S.C. § 1125(a)(1). The Uniform Single Publication Act, Cal. Civ. Code § 3425.3, applies, and we assume that at the latest publication occurred in the spring of 1999. Because the gist of all of appellants' claims is the same, we apply the statute of limitation for the right of publicity to all claims. *See Strick v. Superior Court of Los Angeles County*, 143 Cal.App.3d 916, 924–25, 192 Cal.Rptr. 314 (1983). The statute of limitation in California for infringement of the right of publicity is two years. Cal.Code Civ. Proc. § 399(1). *See Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir.2001) (citing *Lugosi v. Universal Pictures*, 25 Cal.3d 813, 854, 160 Cal.Rptr. 323, 603 P.2d 425 (1979) (dissenting opinion) (noting that neither party on appeal challenged the trial court's determination that § 339(1)'s two-year limitation period applied to a right of publicity claim)). Following *Cusano*, we hold that the appellants' claim for misappropriation of publicity is timely.

### III

The district court awarded attorney's fees to Abercrombie as the prevailing party under Cal. Civil Code § 3344(a). *See Newton v. Thomason*, 22 F.3d 1455, 1464 (9th Cir.1994). Because we hold that Bigler's § 3344 claim against Abercrombie is not time-barred and may proceed to trial,

Washington, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

we vacate the district court's award of attorney's fees. The issue of entitlement to attorney's fees must be considered afresh at the conclusion of all proceedings on remand.

## IV

Finally, the appellants request that this case be reassigned to another district court judge. Reassignment is appropriate only when a district judge has exhibited personal bias against a party or when other exceptional circumstances are present. *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir.1986) (listing factors that constitute "exceptional circumstances"). In this case, the appellants failed to specify any evidence in the record below to suggest that the district judge has acted improperly towards them. There is no evidence of personal bias against these appellants, nor are any of the factors indicating exceptional circumstances present. We deny the appellants' request for reassignment.

Each party shall bear its own costs.

**REVERSED in part; AFFIRMED in part; award of attorney's fees VACATED. REMANDED for further proceedings.**