**In re: NEW MEXICO STATE INVESTMENT COUNCIL,**

**New Mexico State Investment Council; et al., Petitioners,**

**v.**

**United States District Court for the Central District of California, Respondent,**

**Henry Samueli; et al., Real Parties in Interest.**

**No. 07–71032.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 5, 2007.

Peter A. Binkow, Glancy Binkow & Goldberg, Los Angeles, CA, Thomas A. Dubbs, Joseph A. Fonti, Labaton Sucharow & Rudoff LLP, New York, NY, Richard M. Heimann, Esq., Joy A. Kruse, Esq., Lieff Cabraser & Heimann, LLP, San Francisco, CA, for Petitioners.

Daniel P. Lefler, Esq., Irell & Manella, LLP, Gordon A. Greenberg, Esq., Mcdermott Will & Emery, LLP, Los Angeles, CA, Jerome Birn, Wilson Sonsini, et al., Palo Alto, CA, Layn R. Phillips, Esq., Irell & Manella, Newport Beach, CA, for Real Parties in Interest.

Before: WALLACE, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

New Mexico State Investment Counsel ("New Mexico") petitions for a writ mandamus seeking to vacate the district court's order appointing Richard Heimann of Lieff, Cabraser, Heimann & Bernstein, LLP as lead class counsel in this consolidated securities class action case. The facts are known to the parties and we dispense with reciting them further here. We have jurisdiction pursuant to 28 U.S.C. § 1651 and we grant the petition.

The extraordinary remedy of mandamus is appropriate in this case because New Mexico has demonstrated (1) clear legal error by the district court, (2) that it has no other adequate means to obtain the requested relief, and (3) that the district court's error cannot be readily cured on appeal from a final judgment. *See Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir.1977).

■ The approach utilized by the district court for selecting lead class counsel is contrary to the express language of the Private Securities Litigation Reform Act ("Reform Act") and the previous guidance from this court. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v) ("[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"); *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir.2002) (observing that the "Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff"). Thus, the district court erred in disregarding the Reform Act's clear language in favor of its own case-management preferences.

■ New Mexico has also demonstrated that it has no other adequate means to obtain the requested relief. It has already sought reconsideration of the district court's decision and requested certification of the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); that motion was denied. *See Credit Suisse v. United States Dist. Ct.*, 130 F.3d 1342, 1346 (9th Cir.1997).

Finally, it is clear that this situation is not subject to remedy on appeal. The harm from the district court's decision will occur the instant that New Mexico is forced to obtain legal advice from an attorney that it believes is subject to a conflict of interest and was not selected according to New Mexico's own administrative procurement process.

On remand, we direct the district court to comply with the Reform Act and approve the counsel selected by New Mexico.

New Mexico's request for reassignment upon remand is denied. "In the absence of proof of personal bias, we remand to a new judge only under 'unusual circumstances.'" *See United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir.1986). In deciding whether unusual circumstances exist, we consider: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* The first two factors are of equal importance and a finding of either one would justify reassignment. *Id.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

There is no showing in this record that the assigned district court judge has personal bias that would impact his rulings in this case upon remand. This case does not possess the unusual circumstances that would otherwise justify reassignment. There is no showing in this record that the assigned district court judge would have difficulty abiding by the decision of this court regarding appointment of counsel. Finally, reassignment is not required to preserve the appearance of justice.

New Mexico's unopposed request for supplemental mandamus relief is also granted. New Mexico shall have 45 days to file a consolidated class complaint after the district court enters an order approving New Mexico's choice of counsel.

Petition GRANTED.