**RENT INFORMATION TECHNOLOGY, INC.,**
Plaintiff—Appellant,

v.

**HOME DEPOT U.S.A, INC., a Georgia corporation, Defendant—Appellee.**

**Rent Information Technology, Inc., Plaintiff—Appellant,**

v.

**Home Depot U.S.A, Inc., a Georgia corporation, Defendant— Appellee.**

Nos. 06–55829, 06–56259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 28, 2008.

Steven M. Barnhill, Esq., Barnhill & Vaynerov, Los Angeles, CA, for Plaintiff–Appellant.

David W. Quinto, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, Daniel H. Bromberg, Esq., Quinn Emanuel Urquhart Oliver & Hedg-es, LLP, Redwood Shores, CA, for Defendant–Appellee.

Before: GOODWIN, B. FLETCHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Rent Information Technology, Inc. (Rent IT) appeals a summary judgment in favor of The Home Depot, U.S.A., Inc. (The Home Depot) in this case which arose out of a potential software development deal. Because the facts are familiar to the parties, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. Applying Georgia law, we affirm in part, reverse in part, and remand.

### I. *Breach of contract*

■ Viewing the evidence in the light most favorable to Rent IT, genuine issues of material fact remain regarding whether the business requirements drafted by Rent IT for The Home Depot constitute Rent IT's "Confidential Information," as defined in the parties' Mutual Non–Disclosure Agreement. *See Thomas v. City of Beaverton,* 379 F.3d 802, 807 (9th Cir.2004) (stating that we review a grant of summary judgment de novo and construe all reasonable inferences drawn from the record in the light most favorable to the non-moving party). Genuine issues of material fact also remain regarding whether The Home Depot violated the Mutual Non–Disclosure Agreement by disclosing the business requirements to third parties or using the business requirements to up-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

grade its existing software. Accordingly, we reverse the district court's grant of summary judgment on Rent IT's breach of contract claim. *See San Diego Gas & Elec. Co. v. Canadian Hunter Mktg. Ltd.,* 132 F.3d 1303, 1307 (9th Cir.1997) ("If we find a contract to be ambiguous, we ordinarily are hesitant to grant summary judgment because differing views of the intent of parties will raise genuine issues of material fact." (quoting *Maffei v. N. Ins. Co.,* 12 F.3d 892, 898 (9th Cir.1993))) (internal quotation marks omitted).

## II. *Misappropriation of trade secrets*

█ The district court properly granted summary judgment in favor of The Home Depot on Rent IT's claim for misappropriation of trade secrets. Even viewing the evidence in the light most favorable to Rent IT, there is no genuine issue of fact regarding whether the business requirements or Rent IT's rental rate recommendation are trade secrets.

Rent IT failed to specifically identify which of the 395 business requirements constitute trade secrets and failed to carry its burden of proving that any specific business requirements derive their value from not being generally known. *See MAI Systems Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 522 (9th Cir.1993) (applying the Uniform Trade Secrets Act, from which the Georgia Trade Secrets Act is adopted, and holding that "a plaintiff who seeks relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist"); *see also* Ga.Code Ann. § 10-1-761(4). Rent IT's rental rate recommendation did not offer a unique formula, method, technique, or process for increasing rental rates, apart from suggesting that increasing The Home Depot's hourly rental rate to reflect a higher percentage of its daily rate would generate more revenue. The

rental rate recommendation thus derived its value from charging customers an increased rate rather than from not generally being known. *See* Ga.Code Ann. § 10-1-761(4). Additionally, Rent IT's expert admitted that the rate a company charges for rental services is not a trade secret. Accordingly, we affirm the district court's grant of summary judgment on Rent IT's misappropriation of trade secrets claim.

## III. *Fraudulent misrepresentation*

█ The district court properly granted summary judgment in The Home Depot's favor on Rent IT's claim for fraudulent misrepresentation. In its opening brief, Rent IT abandoned the theories of fraud contained in its complaint and advanced a new theory of promissory estoppel by fraud. *See, e.g., Daury v. Smith,* 842 F.2d 9, 15 (1st Cir.1988) (stating that a court of appeals "will not rewrite plaintiff's complaint to contain a count that was not included in it [by deciding issues argued but not pleaded]"). Rent IT did not, however, argue that genuine issues of fact remained or that summary judgment was inappropriate as a matter of law as to the fraudulent misrepresentation claims actually pled in the complaint. Further, Rent IT cannot bootstrap its new promissory estoppel argument onto its fraudulent misrepresentation claim because Rent IT failed to allege in the complaint particular facts supporting the new theory as required by Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1104 (9th Cir.2003) (quoting Fed.R.Civ.P. 9(b) and stating that in "all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity") (emphasis omitted). Accordingly, we affirm the district court's grant of summary judgment on Rent IT's claim for fraudulent misrepresentation.

## IV. Declaratory relief

■ We affirm the district court's grant of summary judgment in favor of The Home Depot on Rent IT's claim for declaratory relief because Rent IT abandoned this claim by not discussing it in the opening brief. *See Don v. Gonzales,* 476 F.3d 738, 739–40 n. 2 (9th Cir.2007).

## V. Damages

■ Georgia law allows a party to recover for lost profits in a breach of contract action. *See Morehouse College, Inc. v. McGaha,* 277 Ga.App. 529, 627 S.E.2d 39, 42–43 (2005) (holding that when an expelled student sued for breach of contract based on a school's failure to follow procedures in its student handbook, the student could recover for lost income during the extra time necessary for the student to complete his degree). Viewing the evidence in the light most favorable to Rent IT, The Home Depot's use of the business requirements to upgrade its existing software could have caused Rent IT to lose the profits it would have received if The Home Depot had entered a contract to purchase Rent IT's newly developed software, as The Home Depot repeatedly indicated that it intended to do. If the Home Depot's use of the business requirements to upgrade its existing software violated the Mutual Non–Disclosure Agreement, Rent IT may be able to recover for this loss. *See id.* Accordingly, we reverse the portion of the district court's separate order granting summary judgment to The Home Depot on Rent IT's breach of contract damages. We also reverse the portion of the district court's order granting summary judgment on the merits which stated that Rent IT could recover neither nominal nor actual damages for breach of contract.

Because we hold that the district court properly granted summary judgment on Rent IT's misappropriation of trade secrets and fraudulent misrepresentation claims, we affirm the portion of the district court's order granting summary judgment in The Home Depot's favor regarding damages for these two claims.

## VI. Expert witness disclosure

■ The district court abused its discretion by granting Home Depot's *ex parte* application to strike four of Rent IT's expert witnesses. *See Hovey v. Ayers,* 458 F.3d 892, 910 (9th Cir.2006) ("A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts."). Rent IT properly served its disclosure of experts pursuant to Federal Rule of Civil Procedure 26(a). Rent IT did not need to submit a written report for any of the four witnesses in question because none of those witnesses were retained or specially employed to provide expert testimony in this case and none of the witnesses' respective duties as Rent IT's employees regularly involved giving expert testimony. Fed.R.Civ.P. 26(a)(2)(B).

## VII. Attorneys' fees

■ The district court did not abuse its discretion by awarding The Home Depot attorneys' fees for Rent IT's misappropriation of trade secrets claim. *See Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 n. 3 (9th Cir.1984) (stating that we review the district court's award of attorneys' fees for abuse of discretion and when, as here, the district court engages in the "regrettable practice" of adopting the findings drafted by the prevailing party wholesale, we review the district court's findings with "special scrutiny"). The Georgia Trade Secrets Act provides that "[i]f a claim of misappropriation [of trade secrets] is made in bad faith, ... the court may award

reasonable attorneys' fees to the prevailing party." Ga Code Ann. § 10–1–764. Although "bad faith" is not defined in the Uniform Trade Secrets Act, on which the Georgia Act is based, courts have interpreted the term to require the "objective speciousness of the plaintiff's claim … and [the plaintiff's] subjective bad faith in bringing or maintaining the claim." *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir.2007) (quoting *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal.App.4th 1249, 116 Cal.Rptr.2d 358 (2002)).

The record does not compel us to conclude that the district court abused its discretion by holding that Rent IT's misappropriation of trade secrets claim was objectively specious. *Computer Econ., Inc. v. Gartner Group, Inc.*, No. 98–CV–0312 TW (CGA), 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999) ("Objective speciousness exists where there is a complete lack of evidence supporting plaintiff's claim."). Rent IT only generally claimed that the business requirements were trade secrets and Rent IT's own expert admitted that rental rates are not trade secrets, that the concept of charging an extra hour as a certain percentage of a daily rate is not a trade secret, and that it is common knowledge that increasing a percentage results in more money.

The record also does not compel us to conclude that the district court abused its discretion by holding that Rent IT's pursuit of the misappropriation of trade secrets claim constituted subjective bad faith. *See id.* ("Subjective misconduct [or bad faith] exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit."). Rent IT compiled many of the 395 business requirements in collaboration with The Home Depot and yet still failed to specify which of the requirements were

its trade secrets. Additionally, Rent IT's rental rate recommendation did not offer a unique, secret method for calculating rates and was nothing more than a suggestion that The Home Depot increase its hourly rate to reflect a larger percentage of its daily rate. Accordingly, we conclude that the district court did not abuse its discretion by awarding attorneys' fees for this claim.

■ However, we have a "long-standing insistence upon a proper explanation of any fee award" by a district court. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir.1993). "In setting a reasonable attorney's fee, the district court should make specific findings of the rate and hours it has determined to be reasonable." *Frank Music Corp. v. Metro-Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir.1989). Because the district court failed to provide any explanation or specific findings supporting the amount of fees awarded, we vacate the district court's award of attorneys' fees and remand so that the district court can "reconsider its award and [ ] substantiate whatever fee it awards." *Id.*

## VIII. *Reassignment*

Rent IT has not made any argument or pointed to anything in the record that indicates that the factors necessary to allow us to remand this case to a different district court judge are present here. *See Smith v. Mulvaney*, 827 F.2d 558, 562–63 (9th Cir.1987); *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir.1986). Thus, we decline to do so.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**