**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS INC., | No. 11-55120 |
|         Plaintiff-counter-defendant - Appellee, | D.C. No. 2:09-cv-06988-R-JEM |
|   v. | MEMORANDUM[*] |
| NUVASIVE, INC., | |
|         Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS INC., | No. 11-55756 |
|         Plaintiff-counter-defendant - Appellee, | D.C. No. 2:09-cv-06988-R-JEM |
|   v. | |
| NUVASIVE, INC., | |
|         Defendant-counter-claimant - Appellant. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 5, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Following a five-day jury trial to determine the parties' rights in the trademark "NEUROVISION," the jury awarded $60 million to Neurovision Medical Products ("NMP"). The jury found that NuVasive, Inc. ("NuVasive") committed fraud in procuring its trademark registrations, that NMP had prior rights in the NEUROVISION mark, and that NuVasive wilfully infringed NMP's rights.[1] The district court entered judgment for NMP, issued a permanent injunction barring NuVasive from using the NEUROVISION mark, awarded NMP attorneys' fees and costs, and ordered cancellation of NuVasive's trademark registrations. We have jurisdiction over NuVasive's appeal pursuant to 28 U.S.C. § 1291. We vacate the district court's judgment, the injunction, and the awards of fees and costs, and we remand for a new trial.

**I.**

---

[1]We note that each of these orders strongly favoring NMP was prepared by counsel for NMP, and that the district court engaged in the "regrettable practice" of signing each one without altering a single line. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 373 (9th Cir. 2005).

The jury's verdict that NuVasive fraudulently procured trademark registrations for the NEUROVISION mark must be vacated because the district court erroneously instructed the jury as to the elements required to prove fraud on the United States Patent and Trademark Office ("USPTO"). "[T]he burden of proving that a party fraudulently procured a trademark registration is heavy." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). "[T]o prove fraud that would result in the cancellation of [a] mark, there would have to be a material misrepresentation in the affidavit on the basis of which the mark was registered." *Pony Express Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989).

There is no requirement that an applicant for a trademark registration disclose all prior use of a mark, contrary to the district court's instruction. Instead, an applicant must disclose only those prior users that the applicant believes have acquired superior rights to the mark in the classification for which registration is sought. *See Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) (citing *Yocum v. Covington*, 216 U.S.P.Q. 210, 216–17 (T.T.A.B. 1982) ("[T]he statement of an applicant that no other person 'to the best of his knowledge' has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark *if he feels that the rights of such*

3

*others are not superior to his*."))  The district court erred by instructing the jury to determine only whether NuVasive omitted knowledge of NMP's prior use of the NEUROVISION mark; the proper inquiry is whether NuVasive wilfully omitted knowledge of a superior right held by NMP.  Moreover, the district court erroneously omitted from the jury instructions a key element of proving fraud on the USPTO: that a trademark applicant intend to induce reliance on a misrepresentation.  *See Robi*, 918 F.2d at 1444.

## II.

A new trial is also required because the district court failed to properly instruct the jury as to the showing required to challenge an "incontestable" mark. Unless NuVasive's trademark registrations are cancelled following a proper verdict of fraud in their procurement,[2] the registrations are incontestable under 15 U.S.C. § 1065.  Consequently, NMP may not challenge NuVasive's use of the NEUROVISION mark unless it can prove that its own use of the mark was "maintained without interruption."  *Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709, 712 (9th Cir. 1974).  The judgment below must be

---

[2]If NuVasive's trademark registrations are properly cancelled, it may still maintain common law rights in the NEUROVISION mark, but its rights in the mark will no longer be incontestable under §1065.  *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 996 (9th Cir. 2001).

vacated because the district court instructed the jury to answer only whether NMP "establish[ed] trademark rights in the mark 'NEUROVISION' through prior use of the mark in commerce," and failed to require that the jury determine both the geographic scope of NMP's rights and whether NMP maintained continuous use of the mark following the acquisition of any state law rights in the mark. *See* 15 U.S.C. § 1065.

## III.

The district court abused its discretion by excluding relevant evidence based on its legally erroneous determination that any differences in the functions and user bases of the NMP and NuVasive devices were irrelevant to the likelihood of confusion analysis. The district court should have admitted NuVasive's proffered evidence, which was highly probative of the question of the "proximity of the goods," *AMF v. Sleekcraft Boats*, 599 F.2d 341, 348–349 (9th Cir. 1979), a factor that "is measured by whether the products are: (1) complementary; (2) sold to the same class of purchasers; and (3) similar in use and function." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011). The improperly excluded evidence went to whether NuVasive and NMP directly competed for customers for their devices, a factor that is "always . . . important" in trademark disputes. *Brookfield Commc'ns, Inc. v. W. Coast Entm't*

5

*Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). Because the district court not only excluded the proffered evidence, but also informed the jury that the evidence was irrelevant to the trademark infringement inquiry, we cannot conclude that "the jury's verdict is more probably than not untainted by the error." *Gilchrist v. Jim Slemons Imps., Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986) (quoting *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983)).

**IV.**

We find that reassignment is warranted on remand because the district court ignored our precedent, persistently cut off or excluded relevant testimony, and repeatedly instructed the jury incorrectly. *See U.S. v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986) ("A district judge's adamance in making erroneous rulings may justify remand to a different judge."). In light of the district court's adherence to a view of trademark law that is at odds with clear Ninth Circuit precedent, there is reason to believe that the district judge may "have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001) (quoting *Sears, Roebuck & Co.*, 785 F.2d at 780). We therefore direct the clerk of the U.S. District Court for the Central District of California to assign this case to a different district court judge upon remand.

6

**VACATED AND REMANDED**