**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO ANTONIO MARROQUIN,

Plaintiff - Appellant,

v.

T. GRADY, Correctional Officer and J. RECIO, Correctional Officer,

Defendants - Appellees.

No. 13-15580

D.C. No. 4:09-cv-03841-SBA

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted June 15, 2016
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Armando Marroquin appeals the district court's entry of summary judgment

in his 42 U.S.C. § 1983 action against Correctional Officers Grady and Recio and

the dismissal of his § 1983 claims against Officer Montano and Warden Evans.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in granting summary judgment against Marroquin on his claims that Correctional Officers Grady and Recio violated the Eighth Amendment through deliberate indifference to Marroquin's safety. Even taking into account Marroquin's October 2011 affidavit, Marroquin's conditioning his transfer request on the availability of a lower bunk undermined the urgency of his situation such that no reasonable jury could have concluded that Officer Recio was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Similarly, in the absence of any visible emergency situation in Marroquin's cell, Marroquin's message to Officer Grady referencing an emergency was insufficient to alert Grady that there was a serious risk to Marroquin's safety, particularly given testimony that prisoners frequently claimed that non-urgent situations were emergencies. No reasonable jury could have concluded that either officer actually drew the inference that Marroquin faced a substantial risk of serious harm. *Id*.

The district court did not err in dismissing Marroquin's claim that defendants Montano and Evans violated his Eighth Amendment rights through deliberate indifference to his safety. Based on Marroquin's allegations, Officer Montano was merely present in the cell block on the day Marroquin was assaulted, which is insufficient to "state a claim to relief that is plausible on its face." *Chavez*

2

*v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, Marroquin failed to allege that Warden Evans either was personally involved in the alleged deprivation of Marroquin's rights or implemented a policy that was the "moving force" behind the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995).

The district court did not err in granting summary judgment against Marroquin on his claims that defendants Recio and Grady violated his Eighth Amendment rights through deliberate indifference to medical needs. No reasonable jury could have concluded that the officers' conduct proximately caused Marroquin to be denied medical care, because Marroquin had access to medical personnel for nearly two weeks before he was placed on "C" status and was able to submit a medical request form during the period that he claims he was denied such access. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). The district court likewise did not err in dismissing Marroquin's medical needs claims against defendants Montano and Evans because Marroquin did not allege that he was denied access to medical care prior to being placed on "C" status.

The district court did not abuse its discretion in denying Marroquin's motion to vacate the judgment under Federal Rule of Civil Procedure 59(e). Marroquin failed to identify new evidence that he could not have discovered earlier in the litigation and the district court did not plainly err. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

The district court did not abuse its discretion in denying Marroquin's four motions to appoint counsel. The district court offered a reasoned explanation for each denial that was not illogical, implausible, or without support in the record. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Even if the district court erred by failing to address the likelihood of success of Marroquin's claims, *see Palmer*, 560 F.3d at 970, any such error was harmless in light of Marroquin's low probability of success.

Because we affirm the district court's judgment against Marroquin in its entirety, we deny Marroquin's motion to remand this case to a different judge as moot. *See United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 780 (9th Cir. 1986).

**AFFIRMED.**