

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10170 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00008-LKK-1 |
| v. | |
| DONALD M. WANLAND, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted June 15, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Donald Wanland, Jr. appeals from his tax convictions and 46-month

sentence.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]A concurrently filed opinion, *United States v. Wanland*, __F.3d__ (9th Cir. 2016), addresses Wanland's other arguments.

**1.** The government did not violate the statute of limitations by charging Wanland with tax evasion because Wanland committed affirmative acts of evasion within the six-year statute of limitations period. *See* 26 U.S.C. § 6531(2). The parties agree that Wanland did not raise this argument below, so we review it for plain error.

The superseding indictment did not so substantially amend the original indictment as to prevent tolling of the statute of limitations. *See United States v. Pacheco*, 912 F.2d 297, 304-05 (9th Cir. 1990). The superseding indictment charged Wanland under the same statute as the original indictment, and the alleged conduct underlying the evasion count—heavily dependent on Wanland's use of and statements regarding the 705 University Partners account—was the same in both indictments. *See United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 779 (9th Cir. 1986) (per curiam). Wanland was therefore "on notice" of the nature of the charges against him so that he could prepare his defense. *Pacheco*, 912 F.2d at 305 (quoting *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990)).

**2.** The superseding indictment alleged legally sufficient grounds for tax evasion. Wanland argues that the superseding indictment was legally insufficient on two grounds: (1) defiance of the levies could not have constituted an affirmative act of evasion because the levies were legally invalid; and (2) the allegation that

2

Wanland "pa[id] other creditors instead of the United States" is a legally insufficient basis for tax evasion. He raised the former to the district court, but not the latter. Under any standard of review, his arguments fail.

As to the first, for the reasons stated in *United States v. Wanland*, __F.3d__ (9th Cir. 2016), the levies were legally valid. Wanland's defiance of the levies was an affirmative act of evasion sufficient to support the tax evasion conviction. As to the second, even if "paying other creditors instead of the United States" would not, on its own, be a legally sufficient basis for tax evasion, "[t]he government need not prove all facts charged in an indictment." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986). The government alleged several affirmative acts of evasion that were supported by ample evidence at trial, including the defiance of the levies and Wanland's extensive use of the 705 University Partners account.

**3.** The district court did not err in its jury instructions regarding the scienter required for tax evasion under 26 U.S.C. § 7201. Wanland objects more specifically to the instruction describing an "affirmative act" of evasion. He contends that the "instructions improperly focus on the <u>effect</u> of alleged affirmative acts of evasion—that they could 'mislead or conceal'—without mentioning they need to be carried out with specific intent to evade."

3

This argument fails because Wanland reads the instruction for an "affirmative act" in isolation. *See Boyde v. California*, 494 U.S. 370, 378 (1990) (explaining that it is a "well-established proposition that a single instruction to a jury may not be judged in artificial isolation") (citation omitted). The district court's instruction described the affirmative act requirement, but did not minimize the willfulness requirement, which the jury was also instructed it had to find. Moreover, the affirmative act instruction to which Wanland objects, as well as the instructions on willfulness, are consistent with Ninth Circuit and Supreme Court precedent. *See United States v. Carlson*, 235 F.3d 466, 469 (9th Cir. 2000) (affirming a conviction where the same affirmative act requirement instruction was used); Ninth Circuit Model Jury Instructions § 9.42 (relying on *Cheek v. United States*, 498 U.S. 192, 201 (1991) (recommending the same definition of willfulness used by the district court)).

**4.** There was sufficient evidence presented at trial for a rational jury to find Wanland guilty of tax evasion on the theory that Wanland's failure to disclose to the IRS his use of the 705 University Partners account on his personal Collection Information Statement was an affirmative act of evasion. Wanland did not move for acquittal on the tax evasion count under Rule 29 at any point during the trial. This court will therefore review this argument only to correct plain error or to

"prevent a manifest miscarriage of justice." *United States v. Gonzalez*, 528 F.3d 1207, 1210 (9th Cir. 2008).

An affirmative act of evasion "may be accomplished in any manner" and by "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943) (internal quotation marks omitted). A rational jury could have found that Wanland's use of the partnership account for millions in personal banking, while claiming that his only account had $9 or a "minimal/unknown" amount, was an act that had the likely effect to mislead or conceal.

**5.** Wanland's objections to evidentiary rulings fail. "We review evidentiary rulings for an abuse of discretion, though we review de novo the district court's interpretation of the Federal Rules of Evidence." *United States v. Kahre*, 737 F.3d 554, 577-78 (9th Cir. 2013) (per curiam) (citation omitted).

First, the district court did not abuse its discretion in admitting evidence related to Wanland's wealth and lifestyle because it was relevant to prove Wanland's intent and motive to evade taxes. It also did not abuse its discretion by refusing to admit evidence of Wanland's bankruptcy as inadmissible hearsay because it did not qualify for an exception under either Federal Rule of Evidence 803(3) for then-existing mental, emotional, or physical condition, or under Rule

5

804(b)(1) for prior testimony.[2] Accordingly, the district court's rulings related to wealth and lifestyle and bankruptcy-related evidence were not an abuse of discretion.

Second, while the district court may have erred by refusing to admit testimony related to Wanland's non-evasive motive or intent in changing the bank account numbers, the exclusion of such testimony was harmless. There was ample evidence supporting Wanland's conviction for tax evasion based on affirmative acts alleged in the indictment other than changing the account numbers. See Jenkins, 785 F.2d at 1392 ("Insofar as the language of an indictment goes beyond alleging elements of the crime, it is mere surplusage that need not be proved.").

Third, Spaulding, O'Brien, and Martin did not provide improper legal opinion or improperly speculative testimony. The witnesses testified as to their understanding of Wanland's actions, and did not purport to provide a legal opinion.

Thus, the district court generally did not abuse its discretion in admitting the above-described evidence. Where it did, the error was harmless.

---

[2]To the extent evidence of Wanland's indebtedness to Bernstein was admissible to prove Bernstein's bias against Wanland, the district court permitted the defense to ask Bernstein a relevant question without using the term "bankruptcy." The defense chose not to so ask.

**6.** Wanland did not preserve his challenge to the district court's decision to dismiss a juror for good cause and seat an alternate during deliberations because Wanland did not object below. As Wanland has failed to show that any error in the process was a plain error that affects his substantial rights, we will not vacate his convictions on this ground. *See* Fed. R. Crim. P. 52(b).

**7.** The district court did not err in sentencing Wanland to 46 months in prison.

First, the district court did not err by failing to make a specific finding regarding the amount of tax loss. *See* Fed. R. Crim. P. 32(i)(3)(B). Instead, the district court specifically found that the government submitted sufficient evidence to support the tax loss figure it proposed. Wanland made no specific objections to this amount, other than to argue that the government did not submit such evidence during trial. Given that a district court may consider evidence during sentencing that was not presented at trial, the district court properly rejected that argument. *See* U.S.S.G. § 6A1.3(a).

Second, the district court did not err by failing to address sufficiently the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3553(a). "The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review," but

there is "no mechanical requirement that a sentencing court discuss every factor." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). If, however, "a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Wanland points to two nonfrivolous arguments that he contends the district court did not give sufficient reasons to reject: (1) that he already faced significant collateral consequences; and (2) that the proposed sentence would create an unwarranted disparity in sentencing. As to the first, the district court made clear that it was unpersuaded by any arguments that Wanland should receive a below-guidelines sentence because of his status as a lawyer, as the court had the impression that the defendant utilized his legal skills to "manipulate[]" the law to attempt to avoid responsibilities imposed by the tax laws. As to the second, the district court stated that it saw Wanland's conduct as "serious" and "particularly egregious." The other cases upon which Wanland relies to demonstrate this alleged disparity featured defendants who settled, rather than going through a lengthy and costly trial. Moreover, in general, the sentencing considerations in this case were "neither complex nor unusual." *Carty*, 520 F.3d at 995. The district

8

court gave Wanland and his attorney ample time to discuss their positions. *See id.* The judge presided over the trial, so had in-depth knowledge of the facts related to the defendant's case. *See id.* Further, when the district court stays within the guidelines, less of an explanation is required. *See id.* (citing *Rita v. United States*, 551 U.S. 338, 356–57 (2007)). Thus, the district court did not err by failing to address sufficiently the considerations imposed by the § 3553(a) sentencing factors.

Finally, the district court did not impose a substantively unreasonable sentence. The district court chose not to accept the enhancements for sophisticated means and obstruction of justice recommended in the Pre-Sentence Investigation Report, thereby reducing the recommended guidelines range. The district court then imposed a sentence within the recommended guidelines range. *See Carty*, 520 F.3d at 994 (recognizing "that a Guidelines sentence 'will usually be reasonable'" (quoting *Rita*, 551 U.S. at 351)).

**AFFIRMED**.