**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN GONZALEZ, Sr.; et al., | No. 15-55358 |
| Plaintiffs-Appellants, | D.C. No. 2:07-cv-03469-ODW-SH |
| v. | |
| CITY OF MAYWOOD; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted December 5, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Seventeen individuals (collectively, "Gonzalez") in eight consolidated

lawsuits appeal the district court's reduction of attorneys' fees. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the award.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court abused its discretion in determining that Gonzalez's attorneys "performed once and billed eight times in many circumstances," because this finding is "without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). The City of Maywood has not identified any instances of octuple billing, and we have found none. Nor was the district court entitled to base its finding of octuple billing on ambiguous language in Gonzalez's 2014 Motion for Attorneys' Fees, given that Gonzalez's Motion for Reconsideration clarified any ambiguity. The district court therefore erred in reducing the attorneys' requested hours and fees by 87.5 percent. Even if we have the authority to uphold a district court's fee award on different grounds, *cf. Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), we decline to do so in this case because a district court is in the best position to make the factual determinations required to determine the proper award of attorneys' fees in the first instance.

This is the second time we have vacated Judge Wright's determination of the amount of Gonzalez's attorneys' fees award. *See Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013). Based on our review of the record, we conclude that Judge Wright is unable to put out of his mind his previously expressed view that Gonzalez's attorneys are not entitled to fees above the amount granted to

Gonzalez in damages, and therefore reassignment is advisable to preserve "the appearance of justice and the orderly administration of this court's appellate docket." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 780–81 (9th Cir. 1986) (per curiam). Accordingly, we instruct the Chief Judge for the Central District of California to reassign this case to a different district judge. *See id.* at 779.[1]

**VACATED, REMANDED, AND REASSIGNED.**

---

[1]The parties shall bear their own costs on appeal.