**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Drago Carl MUSA, Defendant—
Appellant.**

No. 00–50650.
D.C. No. CR–97–00029–R–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2001.*

Decided Aug. 30, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

█ It is well-established that the Sixth Amendment guarantees representation at a combined parole revocation and sentencing hearing. *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Although both Garcia and DeVito

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

were present at the October 2, 2000 hearing, neither appeared in the capacity of trial counsel for Musa. Garcia had served as Musa's counsel at hearings in February and March of 1999, but his motion to withdraw as Musa's appointed counsel was granted June 2, 1999, and he was not reappointed when the case was remanded. DeVito was appointed as Musa's appellate counsel June 18, 1999. Her appointment was clearly limited to appellate proceedings before the Ninth Circuit, and did not include trial representation before the district court. She was still Musa's counsel as of October 2, 2000, but only with respect to appellate proceedings.

Because neither Garcia nor DeVito served as Musa's counsel during the October 2, 2000 hearing, Musa was unrepresented, in violation of his Sixth Amendment rights. We therefore once again vacate and remand for a hearing on the nature of the conflict between Musa and his attorney during the March 8, 1999 hearing.[1] If the district court finds there was a breakdown in communication, the court should then inquire whether the breakdown prevented an adequate defense at the revocation hearing. If the breakdown prevented an adequate defense, then the court should appoint another attorney for Musa and conduct a new revocation hearing. *See Delgado v. Lewis,* 223 F.3d 976, 981 (9th Cir.2000); *United States v. Benlian,* 63 F.3d 824, 826–27 (9th Cir.1995); *United States v. Swanson,* 943 F.2d 1070, 1075 (9th Cir. 1991).

█ Musa requests reassignment to a new judge on remand. Reassignment absent a showing of the judge's personal bias

[1]. Because we hold a new hearing is necessary, we need not reach the merits of Musa's second claim.

is appropriate if the panel reasonably expects that the original judge would have "substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected," or if it is necessary to preserve the appearance of justice. *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir.1986). In determining whether reassignment is appropriate, the court should also balance any gains against the risks of wasting judicial resources. *Id.* Applying these factors, we direct the district court, on remand, to assign this case to a different judge.

VACATED AND REMANDED.

