**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50167 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-04304-BEN-1 |
| v. | |
| ADRIAN ZITLALPOPOCA-HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 29, 2017
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**]
Chief District Judge.

Appellant challenges his 200-month sentence for Aiding and Abetting

Persuasion or Coercion to Travel to Engage in Prostitution under 18 U.S.C. §

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Nancy Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

2422(a), Aiding and Abetting Harboring Aliens for Purposes of Prostitution under 8 U.S.C. § 1328, Aiding and Abetting Bringing Illegal Aliens into the United States for Financial Gain under 8 U.S.C. § 1324(a)(2)(B)(ii), and Aiding and Abetting Harboring Illegal Aliens under 8 U.S.C. § 1324(a)(1)(A)(iii). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.

Sentencing decisions are reviewed for abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir. 2008) (en banc). When selecting a sentence, the sentencing court must determine the applicable Guidelines range, consider the factors in 18 U.S.C. § 3553(a), and explain its reasoning in detail sufficient to permit meaningful appellate review. *Id.* at 991-92. An explanation is sufficient if it "communicates that the parties' arguments have been heard, and that a reasoned decision has been made." *Id.* at 992. For outside-Guidelines sentences, the sentencing court must consider the extent of departure, and the persuasiveness of its reasoning must be proportionate to the variance. *Id.* at 991-92. We set aside a sentence only if it is procedurally erroneous or substantively unreasonable. *Id.* at 993. Procedural errors include mistakes in calculating the Guidelines range and failure to adequately explain the selected sentence. *Id.*

Appellant first argues that the district court erred in calculating the Guidelines range for the period of supervised release following his prison sentence.

Because this claim was not preserved below, we review for plain error. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). Because appellant will almost certainly be removed following his release, and because his period of supervised release will be waived on his removal, the term of supervised release will not affect his substantial rights. The plain error standard therefore has not been met, and we affirm that part of the sentence.

Appellant also argues that the district court's explanation for its sentence was procedurally deficient. The court erred by failing to adequately address the arguments raised in appellant's sentencing memorandum. "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Carty*, 520 F.3d at 992-93. "[A] mere statement that the judge had read the papers is [not], by itself and automatically, sufficient as an explanation of the judge's treatment of the § 3553(a) factors." *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013). The district court failed to adequately address appellant's argument, "tethered" to 18 U.S.C. § 3553(a)(6), that similarly situated defendants were given lighter sentences. We thus remand for the court to consider that argument and explain why it accepts or rejects the argument.

Finally, appellant argues that his sentence was substantively unreasonable. A sentence is not substantively unreasonable where "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011) (internal quotations omitted). The record here reflects meaningful consideration of the 18 U.S.C. § 3553(a) factors, spanning three sentencing proceedings. The sentence was not substantively unreasonable.

Appellant has asked that his case be reassigned on remand. We reassign only in unusual circumstances, when the original judge would have substantial difficulty reevaluating its prior, erroneous views or findings, or when prudent to preserve the appearance of justice. *Earp v. Cullen*, 623 F.3d 1065, 1071 (9th Cir. 2010). While we acknowledge that this will be the third resentencing in this case, we do not believe that the standard for reassignment has been met, especially given that the sentencing judge has demonstrated a willingness to reevaluate and revise the sentence on remand. We thus remand to the original judge.

**VACATED AND REMANDED.**


**USA v Zitlalpopoca-Hernandez 16-50167**

Freudenthal, Chief District Judge, concurring in part and dissenting in part:

I concur with the majority's finding that the district court judge's sentencing decision was not procedurally sound, but I dissent from the majority's finding that the sentence is substantively reasonable. I also dissent from the decision not to reassign the case to a new district court judge for sentencing.

With the conclusion that the district court judge's sentencing decision is not procedurally sound, I would not reach the issue of whether the sentence is substantively reasonable. *United States v. Ellis*, 641 F.3d 411, 422 (9th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007) ("[i]n the absence of a 'significant procedural error,' this court reviews a sentence for substantive reasonableness").

Additionally, I would find the standard for reassignment has been met. "Reassignment absent a showing of the judge's personal bias is appropriate if the panel reasonably expects that the original judge would have 'substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,' . . . ." *United States v. Musa*, 18 F. App'x 549, 550 (9th Cir. 2001)(citing, *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir.1986)).

This matter has been before the same district court judge on three occasions. The district court judge's statements from the April 18, 2016 sentencing demonstrate the substantial difficulty he will have in reevaluating prior erroneous views or findings. The judge characterized Zitlalpopoca-Hernandez as a violent, despicable predator engaged in

egregious conduct ("physical scars heal, but the mental and emotional torture was even more disturbing"). However the record contains no evidence of any physical violence against the two women related to prostitution, and no evidence of conduct amounting to mental and emotional torture. The judge expressed his firmly held view that the two women suffered psychological damage, again with no evidence in the record of any psychological damage. These erroneous views about violence and psychological damage resulted in the district court judge's firmly held view that Zitlalpopoca-Hernandez's conduct eliminated the women's ability to consent, with no evidence that the two women could not and did not make choices of their own, including choices to leave and then return. Finally, while the district court judge revised the sentence on remand, he did so after remarking that, "And I'm down to 200 months. And you know, I think there comes a point where we have to say, this behavior cannot be tolerated." The district court judge only reluctantly reduced the sentence after saying, "I must be getting softer as I age" and "only because of some of [Appellant's] rehabilitation while he's in prison."

I believe this case is an unusual circumstance when the original district court judge would have substantial difficulty reevaluating his prior, erroneous views or findings. *Earp v. Cullen,* 623 F.3d 1065, 1072 (9th Cir. 2010).