Freudenthal, Chief District Judge, concurring in part' and dissenting in part: I concur with the majority’s finding that the district court judge’s sentencing decision was not procedurally sound, but I dissent from the majority’s finding that the sentence is substantively reasonable. I also dissent from the decision not to reassign the case to a new district court judge for sentencing. With the conclusion that the district court judge’s sentencing decision is not procedurally sound, I would not reach the issue of whether the sentence is substantively reasonable. United States v. Ellis, 641 F.3d 411, 422 (9th Cir. 2011) (citing Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (“[i]n the absence of a ‘significant procedural error,’ this court reviews a sentence for substantive reasonableness”). Additionally, I would find the.standard for reassignment has been met. “Reassignment absent a showing of the judge’s personal bias is appropriate if the panel reasonably expects that the original judge would have ‘substantial difficulty in putting out' of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,’ ., United States v. Musa, 18 Fed.Appx. 549, 550 (9th Cir. 2001)(citing, United States v. Sears, Roebuck & Co., 785 F.2d 777, 780 (9th Cir.1986)). This matter has been before the same district court judge on three occasions. The district court judge’s statements from the April 18, 2016 sentencing demonstrate the substantial difficulty he will have in reevaluating prior erroneous views or findings. The judge characterized Zitlalpopoca-Hernandez as a violent, despicable predator engaged in egregious conduct (“physical scars heal, but the mental and emotional torture was even more disturbing”). However the record contains no evidence of any physical violence against the two women related to prostitution, and no evidence of conduct amounting to mental and emotional torture. The judge expressed his firmly held view that the two women suffered psychological damage, again with no evidence in the record of any psychological damage. These erroneous views about violence and psychological damage resulted in the district court judge’s firmly held view that Zitlalpopoca-Hernandez’s conduct eliminated the women’s ability to consent, with no evidence that the two women could not and did not make choices of their 'own, including choices to leave and then return. Finally, while the district court judge revised the sentence on remand, he did so after remarking that, “And I’m down to 200 months. And you know, I think there comes a point where we have to say, this behavior cannot be tolerated.” The district court judge only reluctantly reduced the sentence after saying, “I must be getting softer as I age” and “only because of some of [Appellant’s] rehabilitation while he’s in prison.” I believe this case is an unusual circumstance when, the original. district court judge would have substantial difficulty reevaluating his prior, erroneous views or findings. Earp v. Cullen, 623 F.3d 1065, 1072 (9th Cir. 2010).